**John H. GREEN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–335.**

United States Court of Veterans Appeals.

March 15, 1993.

Ronald L. Smith, Washington, D.C., was on the brief, for appellant.

James A. Endicott, Jr., Killeen, TX, Gen. Counsel, David T. Landers, Washington, D.C., Acting Asst. Gen. Counsel, Pamela L. Wood, Falls Church, VA, Deputy Asst. Gen. Counsel, and John D. McNamee, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge and MANKIN and STEINBERG, Associate Judges.

NEBEKER, Chief Judge, filed the opinion of the Court. STEINBERG, Associate Judge, filed a dissenting opinion.

NEBEKER, Chief Judge:

Appellant, John H. Green, appeals from an October 24, 1991, Board of Veterans' Appeals (Board) decision which, on reopening of an earlier final decision, denied entitlement to service connection for, inter alia, a neuropsychiatric disorder. We vacate the Board's decision, as reopening was not possible. *See McGinnis v. Brown*, 4 Vet. App. 239 (1993).

Appellant served in the United States Army from March to July of 1943. His induction examination was negative for any psychological condition. In June 1943, he was diagnosed with "psychoneurosis, mixed type, anxiety and neurasthenic features. EPTI [existed prior to induction]." R. at 27, 28. He was consequently discharged from the Army as unsuitable for service. On December 28, 1987, he filed a claim seeking service connection for a heart condition and a neuropsychiatric disorder. R. at 30. The Regional Office (RO) denied his claim on March 3, 1988, after finding that his service medical records were completely negative for any sign of cardiovascular problems, and that his neuropsychiatric disorder existed prior to induction and was not aggravated during military service. R. at 37. He sought to reopen his claim several times, but was denied reopening since he failed to submit new and material evidence. R. at 38, 42, 46, 48. He then submitted a statement from a Dr. Marvin Powers which described appellant's physical condition as of December 1988. R. at 49. The RO found that this evidence was not new and material since it did not show that his heart condition arose in service or that his nervous condition was aggravated during service. R. at 50.

Appellant subsequently submitted an appeal to the Board. As a result of this appeal, the RO again considered Dr. Marvin Powers' statement and this time found that the "new medical evidence does not provide [a] basis for change." R. at 52. The Board considered all the evidence of record, and denied service connection for both conditions on January 23, 1990. Appellant appealed to this Court; subsequently, the case was remanded to the Board pursuant to a joint motion to remand. The Board again denied service connection. Appellant appeals only that portion of the decision which denied his claim for service connection for a neuropsychiatric disorder.

Unless an appellant submits new and material evidence, 38 U.S.C.A. § 5108 (West 1991), a finally disallowed claim cannot be reopened. 38 U.S.C.A. § 7104 (West 1991); *see Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Here, evidence submitted by appellant to reopen his claim, in the form of Dr. Powers' examination report, addressed only his present physical condition and not his mental condition. It was not, therefore, relevant or probative; accordingly, the evidence was not material, and his claim could not be reopened. Thus, the Board's decision was "in excess of statutory jurisdiction, authority, [and] limitations" and must be held "unlawful and set aside." 38 U.S.C.A. § 7261(a)(3)(C) (West 1991). *See McGinnis*, 4 Vet.App. at 243–44.

Accordingly, since appellant's claim was not properly reopened, the Board's October 21, 1991, decision is VACATED.

STEINBERG, Associate Judge, dissenting:

I agree with the majority that the appellant's claim was not eligible to be reopened because new and material evidence was not presented with respect to that claim. However, for the reasons set forth in my opinion, concurring in part and dissenting in part, in *McGinnis v. Brown*, 4 Vet.App. 239, 244-47 (1992), I cannot agree with the decision to vacate the Board of Veterans' Appeals decision. The Board's error in reaching the merits was harmless and the denial of benefits should be affirmed in the same manner as it has been in over 15 cases decided by panels of this Court. *See McGinnis*, 4 Vet.App. at 245. The divided Court's aberrational disposition in *McGinnis* should not be replicated.