**Lloyd W. INGRAM, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–1027.**

United States Court of Veterans Appeals.

April 2, 1993.

Before KRAMER, Associate Judge.

**MEMORANDUM DECISION**

KRAMER, Associate Judge:

Appellant, Lloyd W. Ingram, appeals a July 23, 1990, decision of the Board of Veterans' Appeals (BVA) which reopened appellant's claim and denied entitlement to

service connection for a duodenal ulcer. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

■ A claim can be reopened only by submitting new and material evidence. 38 U.S.C.A. § 5108 (West 1991). "New" evidence is "evidence which is not ... merely cumulative of other evidence on the record." *Colvin v. Derwinski*, 1 Vet.App. 171, 174. "Material" evidence is evidence that "is relevant and probative of the issue at hand." *Id.* The evidence submitted since the unappealed Veterans' Administration (now Department of Veterans Affairs) (VA) rating decision of June 28, 1956 (R. at 29), while new, is not material in that it is not relevant and probative to the issue of whether appellant's ulcer was present during service or during the one-year presumptive period. Therefore, the case should not have been reopened and the decision of the BVA on the merits is vacated. *See McGinnis v. Brown*, 4 Vet.App. 239 (U.S.Vet.App. 1993).

■ A determination with respect to a claim can also be revised based on clear and unmistakable error in a previous VA adjudication. *See Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc); 38 C.F.R. § 3.105(a) (1992). The BVA determined that there was no clear and unmistakable error in the rating decision of June 28, 1956, on a basis which, while uncertain, appears to be predicated on the hypothesis that the evidence at the time of the 1956 rating decision did not establish a diagnosis of duodenal ulcer.

To the contrary, a review of the 1956 rating decision in question reveals that the rating decision was not predicated on such basis, but rather on the basis that the duodenal ulcer then present showed "no activity." R. at 29. The determination of no activity appears, at least under present law, to relate to a lack of "compensable degree" under 38 C.F.R. § 3.309(a) (1992). Under present law, 38 C.F.R. § 4.114, Diagnostic Code 7305 (1992), provides that the minimum compensable rating for a duodenal ulcer requires that it be "[m]ild; with recurring symptoms once or twice yearly." The BVA decision failed to address the "no

activity" issue. In addressing this issue on remand, the BVA shall quote from, not simply refer to, the applicable laws and regulations in effect at the time of the rating decision.

■ Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Upon careful consideration of the record and the pleadings of the parties, the BVA decision is VACATED and REMANDED for further proceedings consistent with this decision.