**John H. GREEN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 90–335.

United States Court of Veterans Appeals.

May 3, 1993.

As Amended Aug. 31, 1993.

Before NEBEKER *, Chief Judge, and KRAMER, FARLEY, MANKIN *, HOLDAWAY, IVERS and STEINBERG *, Associate Judges.

ORDER

PER CURIAM.

On March 15, 1993, a three-judge panel * vacated the Board of Veterans' Appeals (BVA or Board) decision which had reopened appellant's claim and denied service connection, 4 Vet.App. 382. Citing *McGinnis v. Brown*, 4 Vet.App. 239 (1993), the Court concluded that appellant had not submitted new and material evidence and the BVA acted in excess of its statutory jurisdiction, authority and limitations, when it reopened the claim.

On March 29, 1993, the Secretary of Veterans Affairs (Secretary) moved for review by the Court en banc. He argues that Congress, under the rule of prejudicial error, limited the Court's jurisdiction in that it cannot exercise its authority to correct error in BVA decisions where the appellant has not been harmed. He further argues that the decision perpetuates inconsistency between the Court's panels as to observance of the rule of prejudicial error. He also asserts that the decision involves a "question of exceptional importance" and argues that the panel incorrectly held that the reopening of appellant's claim by the BVA was in excess of statutory jurisdiction.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion for review by the Court en banc is denied.

NEBEKER, Chief Judge, stating reasons for voting to deny rehearing en banc:

I write to express my reasons for voting against en banc review of this case. There are two. The Secretary is wrong in his argument as to the Board's jurisdiction, and in any event, he lacks standing to complain.

The Secretary, through the Board, purportedly denied benefits by denying a reopened claim. The panel held reopening to be in excess of statutory authority citing 38 U.S.C.A. § 7261(a)(3)(C) (West 1991) and *McGinnis v. Brown*, 4 Vet.App. 239 (1993). Thus, the Board's denial of service connection and benefits has been sustained—the Secretary has prevailed on appeal and the veteran has lost and has not sought reconsideration by the panel or en banc review.

Now the Secretary quarrels with the way he won. He says we should follow a rationale earlier followed in improperly reopened, but denied, claims; that is, we should hold any assumed or actual error in the readjudication to be harmless under 38 U.S.C.A. § 7261(b) (West 1991).

The Secretary limits his argument respecting the Board's jurisdiction to act on the merits of an improperly reopened claim to 38 U.S.C.A. § 5108 (West 1991), a companion provision of 38 U.S.C.A. § 7104(b) (West 1991). He writes " ... the panel seems to have confused an *evidentiary statute* 38 U.S.C.A. [§ 5108] with a jurisdictional statute." Motion at 7 (emphasis supplied). As observed, he makes no reference to sections 7104(b) and 7105(c) (West 1991). But it is the latter provisions which ban reopening, and, as to section 7104(b), even preclude consideration of a previously disallowed and final claim unless new and material evidence is submitted.

Accordingly, the "evidentiary statute" is hardly the determinative provision. Sections 7104(b) and 7105(c) are, and they prohibit reopening except in limited circumstances. I make specific note that a final Regional Office (RO) decision was rendered in 1988. It was not appealed to the Board. Section 7105(c) thus makes that decision "final and the claim will not hereafter be reopened or allowed, except as may other-

wise be provided by regulations *not inconsistent with this title.*" (Emphasis supplied.) The Secretary fails to cite § 7105(c) (which in major part tracks the finality proscription of § 7104(b)). He also cites no regulations adopted to permit reopening of the final (and unappealed) RO decisions. Thus, reopening of the earlier and final 1988 RO decision was "in excess of statutory jurisdiction, authority, [and] limitations" and must be set aside. 38 U.S.C.A. § 7261(a)(3)(C). *See McGinnis,* 4 Vet.App. at 244. Therefore, the Secretary's argument fails for lack of a valid initial predicate and en banc review based on it would be improvident.

In addition, though our en banc rule (Rule 35(b)), and for that matter Fed. R.App. P. 35(b), does not limit the right to seek en banc review to the losing party (each merely says "A party may . . ."), the issue of who has standing to do so must be faced. Rule 35 of the Federal Rules of Appellate Procedure includes initial en banc review (without an earlier panel decision). Hence, permitting any party to suggest an en banc *hearing* is understandable. Our Rule 35(b) limits en banc requests to "a case decided by a panel." Ordinarily, as observed in section 68.131 of the Cyclopedia of Federal Procedure, only a non-prevailing party to the appeal may petition for rehearing en banc. 14A CYC. FED. PROC. § 68.131 (3d ed. 1992).

We, therefore, should not entertain an en banc motion from the winning side. To do so simply permits that party to complain about how he won. These "not favored" motions (Fed.R.App.P. 35(a)) are inappropriately used to carp about the rationale for a favorable disposition.

In *McGinnis,* we went beyond a harmless error approach by applying sections 7104(b) and 7105(c). We also acknowledged the earlier harmless error decisions and noted that this more complete analysis did not require en banc consideration because it was not a decision contemplated by our decisional consistency rule announced in *Bethea v. Derwinski,* 2 Vet.App. 252 (1992) (*see McGinnis,* 4 Vet.App. at 244). I remind our colleagues, who find precedent in our earlier harmless error rationale where it is not, that, in any event, precedent is to guide, not to conquer.

To be sure, as the Secretary argues, subsequent to *McGinnis,* one panel and two judges in three single-judge decisions have continued to use the harmless error rationale to sustain the Board's decisions. To the extent that these decisions reflect inconsistency, it is only as to approach and not as to the ultimate decision. *See McGinnis,* 4 Vet.App. at 244 (citing to *Bethea, supra*). Nonetheless, in the interest of uniformity, it is to be hoped that a single approach will follow. This will serve to avoid a difference in various cases as to when the last "final" adjudicatory decision was made. *See McGinnis,* 4 Vet.App. at 244 (improper reopening deprives "the previous denial of finality, and effectively establishes a date for new final denial which has no basis in fact or in law").

Our dissenting colleagues cry havoc over a hypothetical appeal in which the Secretary unlawfully grants some, but not all requested benefits in an illegally reopened claim. Such is not this case; but should it arise, the Court can then deal with it. Hypothetical cases are a poor reason indeed for a rehearing en banc.

Accordingly, en banc review, in my view, is not appropriate.

MANKIN, Associate Judge, concurring:

I concur with the majority, but I feel constrained to observe that Judge Kramer raises an issue which does not exist in this case. When that issue is properly before this Court, then it should be addressed. Until that time, the Court has not expressed itself.

KRAMER, Associate Judge, with whom STEINBERG, Associate Judge, joins, dissenting:

The majority may be deciding, albeit without directly so stating, an issue of such immense importance that en banc consideration is required on this ground alone. If the Court *sets aside* every decision of the Board of Veterans' Appeals (BVA) rendered on the merits where the Court deter-

mines that, because of a lack of new and material evidence, the underlying claim was improperly reopened, the Court's action could result in reducing the benefit of an appellant who appealed a BVA decision which had *awarded* that appellant *a benefit more* than that awarded by a regional office (RO), *but less than* that which is sought on appeal to the Court.

For example, assume the case where the RO reopened a claim, awarding service connection and a 10–percent disability rating for a combat-incurred injury. The veteran appealed the rating to the BVA which increased it to 50 percent. The veteran then appealed to the Court asking for a higher rating. The Court determined that the claim should not have been reopened because new and material evidence had not been submitted. Under the rationale of the majority, the BVA lacked jurisdiction to decide the case on the merits and the BVA decision must be vacated, including, of course, the award of the 50–percent rating. Furthermore, the RO's award of service connection with a 10–percent rating would now hang in an uncertain state of limbo, unless the Court directed the BVA to vacate the RO decision as well. *See McGinnis v. Brown*, 4 Vet.App. 239 (1993) (Steinberg, J., concurring in part and dissenting in part). A potential result so far reaching as this should not be submerged in an opinion couched only in the garb of procedural irregularity.

Furthermore, pursuant to the Veterans' Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988), the Secretary of Veterans Affairs (Secretary) is prohibited from seeking review in the Court, 38 U.S.C.A. § 7252(a) (West 1991), and an appeal may be filed only by "a person [other than the Secretary] adversely affected by [the] ac-

tion" taken in a final decision of the BVA, 38 U.S.C.A. § 7266(a) (West 1991). Given these provisions and the silence of the legislative history, the Court's own jurisdiction to set aside a BVA decision which is favorable to an appellant is itself questionable. *See* 134 Cong.Rec. S16,632–68, H10,333–61 (1988), *reprinted, in part,* in 1988 U.S.Code Cong. and Admin.News (102 Stat.) 5834–66.

For the foregoing reasons and those set forth in Judge Steinberg's dissenting statement, in which I join, en banc review should be granted.

STEINBERG, Associate Judge, with whom KRAMER, Associate Judge, joins, dissenting:

I respectfully dissent from the Court's denial of the motion of the Secretary of Veterans Affairs (Secretary) for en banc review of the panel decision. I would grant review for the reasons set forth in my opinion, concurring in part and dissenting in part, in *McGinnis v. Brown*, 4 Vet. App. 239, 244 (1993), and in my dissenting opinion in the instant case, *Green v. Brown*, 4 Vet.App. 382, 384 (1993); and for some of the reasons set forth in the Secretary's March 29, 1993, motion.

Briefly, the Court's precedents now seem to have carved out parallel paths of, on the one hand, affirming a Board of Veterans' Appeals (BVA or Board) decision based on the absence of prejudicial error, and, on the other, vacating that decision, where in either case the BVA has denied a claim on the merits which should not have been reached because no new and material evidence was presented to justify reopening the disallowed claim pursuant to 38 U.S.C.A. §§ 5108 and 7104(b) or § 7105(c) (West 1991).[1] Under *Bethea v. Derwinski,*

---

**1.** Although the Court in the instant case and, by and large, in *McGinnis,* apparently focused its analysis on whether evidence received since a prior *BVA* decision which became final under 38 U.S.C.A. § 7104(b) (West 1991) was "new and material" under 38 U.S.C.A. § 5108 (West 1991), the proper inquiry in both cases should be whether the evidence received since a final unappealed decision of a Department of Veterans Affairs (VA) regional office (RO)—a 1987 RO decision in *McGinnis* and a 1988 RO decision in

*Green*—was new and material. Pursuant to 38 U.S.C.A. § 7105(c) (West 1991), if a claimant does not file a Notice of Disagreement (NOD) within one year after the date of mailing of notice of the result of initial review or determination by the RO, then that RO "action or determination shall become final and the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title." *See Bernard v. Brown,* 4 Vet.App. at 384 (1993). Therefore,

2 Vet.App. 252, 254 (1992), the Court should resolve this divergence by en banc review.[2]

Second, the Court is not consistently applying the rule of prejudicial error in 38 U.S.C.A. § 7261(b) (West 1991), of which the Court is *required* to take "due account". That rule counsels against overturning a BVA decision unless "the identified error caused substantial prejudice to the claimant's case." S.Rep. No. 100–418, 100th Cong., 2d Sess. 61 (1988); *cf. Russell v. Principi,* 3 Vet.App. 310, 313 (1992) (en banc) ("Errors that would not have changed the outcome are harmless.").

Third, the Secretary presents a substantial argument, foreshadowed in my separate opinion in *McGinnis,* 4 Vet.App. at 244, that the BVA is not without *jurisdiction* to decide the underlying claim even though it may be improvident for it to do so. The Secretary suggests a conflict with the opinion of the Court in *Bernard v. Brown,* 4 Vet.App. 384, 389 (1993), where the Court held that the BVA had *jurisdiction,* by virtue of timely filings of a Notice of Disagreement and substantive appeal, to resolve "all questions in a matter" which was the subject of a decision by the agency of original jurisdiction and that "the matter" in a claim for reopening was the underlying benefits claim, which involved two questions: (1) the existence of new and material evidence to reopen and (2) adjudication on the merits. This apparent con-

when the veterans in *McGinnis* and *Green* failed to file a timely NOD appealing to the Board the 1987 and 1988 RO decisions, respectively, each of those decisions became final under 38 U.S.C.A. § 7105(c).

Section 7105(c) appears on its face to permit reopening of claims finally denied by an RO and not timely appealed *only* in circumstances specified in **regulations** promulgated by the Secretary that are "not inconsistent with" title 38 of the U.S.Code. However, section 7105(c) cannot properly be read, in isolation from 38 U.S.C.A. § 5108 (West 1991). *See Talley v. Derwinski,* 2 Vet.App. 282, 286 (1992) (" '[e]ach part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole' " (quoting 2A NORMAN J. SINGER, SUTHERLAND STAT. CONST. § 46.05 (4th ed. 1984); *see also* § 46.05 (5th ed. 1992)). Nevertheless, the Court has not yet explicitly held that such a claim must also be reopened pursuant to section 5108 when new and material evidence is presented to or secured by VA.

Section 5108 is mandatory; it *requires* "the Secretary" (not just the BVA) to reopen "a claim which has been [finally] disallowed" (not just a claim which has been finally disallowed *by the BVA*) when new and material evidence is presented or secured with respect to that claim. Construing the two sections so as to harmonize them requires that section 7105(c) be read as providing by implication that, at a minimum, a claim denied by a final RO decision must be reopened when new and material evidence is presented under section 5108 (along the lines of the explicit exception in section 7104(b) as to reopening prior, final *BVA* decisions), especially because section 7105(c) authorizes exceptions "not inconsistent with" statutory provisions in title 38, U.S.Code, and hence to construe section 7105(c) in any other way would be "inconsistent with" section 5108. The Secretary also has broad authority, under 38 U.S.C.A. § 501(a) (West 1991), "to prescribe all rules and regulations which are *necessary* or appropriate to carry out laws administered by the Department and are consistent with those laws." (Emphasis added.)

The Secretary's current regulations are, at best, ambiguous as to whether they authorize reopening, upon new and material evidence, of a claim previously and finally denied by an unappealed *RO* decision. The Secretary has prescribed standards for adjudicating requests to reopen a claim after "an *appellate* decision". 38 C.F.R. § 20.1103 (1992) (emphasis added). In 38 C.F.R. § 3.160(e) (1992), however, the Secretary has also defined a "[r]eopened claim" as "[a]ny application for a benefit received after final disallowance of an earlier claim", and done so without reference to whether such final disallowance was by a BVA "appellate decision" or a final unappealed RO decision. Other regulations dealing with reopened claims and "new and material evidence" do not address whether a claim previously and finally denied by a final unappealed RO decision may be reopened upon new and material evidence. *See* 38 C.F.R. §§ 3.156, 3.400(q) (1992). To the extent that there seems to be a technical conflict between the provisions, a "necessary" regulation, pursuant to 38 U.S.C.A. §§ 501(a) and 7105(c), giving full effect to the statutory title 38 scheme, would resolve it.

**2.** *Compare* the 16 pre-*McGinnis* panel opinions cited in my *McGinnis* dissent, 4 Vet.App. at 245, *and* the post-*McGinnis* reliance on that precedent in *Spencer v. Brown,* 4 Vet.App. 283 (1993); *ZO v. Brown,* 4 Vet.App. 440, 442 (1993) (mem. dec.); *Halle v. Brown,* 5 Vet.App. 15 (1993) (unpublished mem. dec.), *with McGinnis,* 4 Vet. App. at 243–44; *Green,* 4 Vet.App. at 383; *Ingram v. Brown,* 5 Vet.App. 5 (1993) (mem. dec.).

flict between panel opinions is further reason for en banc review in this case. *See Bethea, supra.* As I said in *McGinnis,* 4 Vet.App. at 246, and as Judge Kramer's excellent dissenting statement in the instant matter makes manifest, the "Court should be wary of converting statutory limitations into jurisdictional requirements", lest unanticipated, and otherwise avoidable, adverse results, such as the Court vacating a BVA decision awarding benefits in a "reopened" claim, may ensue.

Fourth, as noted in my separate opinion in *McGinnis,* the practice of "vacating" BVA decisions on jurisdictional grounds under the circumstances involved in *McGinnis* and in the present case is likely to generate considerable confusion and administrative delay. Moreover, where, as here, the Court vacates a BVA decision without remanding for further proceedings, the result is that a claimant who has properly appealed to the BVA from an RO adjudication will not have received any final BVA decision on his or her claim. Such a result is contrary to the statutory mandate that the Board "shall" make "final decisions" on claims properly appealed to it. 38 U.S.C.A. § 7104(a) (West 1991). However, the alternative of remanding to the BVA for correction of a "harmless error" is contrary to the mandate in 38 U.S.C.A. § 7261(b) and would result in a needless waste of time and resources by all parties. The well-established harmless-error/affirmance practice is more comprehensible, expeditious, and in keeping with the overall statutory scheme.

Fifth, as to the concern about the propriety of the Secretary as the winner moving for en banc review, I agree that such motions should not generally be made or granted. However, where, as here, there are potentially conflicting lines of precedents in not one but two areas, I think the Secretary would be remiss if he did not seek clarification, and only the en banc Court can provide it. Moreover, analyses which apply to other courts' practices and consideration regarding en banc review may not have literal application to this Court, because (1) there is very little practical recourse other than en banc review from the panel decisions of this Court (since the jurisdiction of the United States Court of Appeals for the Federal Circuit to review appeals from this Court is statutorily restricted and has been viewed very narrowly by the Federal Circuit, *see, e.g., Livingston v. Derwinski,* 959 F.2d 224, 225–26 (Fed.Cir.1992); *Johnson v. Derwinski,* 949 F.2d 394, 395 (Fed.Cir.1991); *Machado v. Derwinski,* 928 F.2d 389, 391 (Fed.Cir. 1991)); and (2) the Secretary, as the appellee in all cases before us, is obliged to execute our decisions and implement and follow our precedential opinions. I also note that, under part V.(a)(3) of the Court's Internal Operating Procedures, when any judge requests an en banc vote one must be held. In this case, both Judge Kramer and I requested one, and one was held.

Finally, I am at a loss to understand the zeal to depart from the long and well-established line of harmless-error/affirmance precedents cited in my separate opinion in *McGinnis,* 4 Vet.App. at 244. As the author of *McGinnis* recently expounded in heralding the virtues of stare decisis:

> As Justice Brandeis himself observed ... in commenting on the presumption of stability in statutory interpretation: "Stare decisis is usually the wise policy because in most matters, it is more important that the applicable rule of law be settled than that it be settled right.... This is commonly true, even where the error is a matter of serious concern, provided correction can be had by legislation."

*Hamilton v. Brown,* 4 Vet.App. 528, 547 (1993) (en banc) (Farley, J., dissenting) (quoting *Square D. Co. v. Niagara Frontier Tariff Bureau,* 476 U.S. 409, 424, 106 S.Ct. 1922, 1930, 90 L.Ed.2d 413 (1986)). As to the matter before us here, adherence to our well-established precedents is called for both because they are right and because they are there.