**Gyrlin L. EDENFIELD, and George A. Smith, Jr., Appellants,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

Nos. 92–1263, 92–1369.

United States Court of Veterans Appeals.

May 10, 1994.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS, and STEINBERG, Judges.

ORDER

PER CURIAM.

IT IS ORDERED, sua sponte, that the above-captioned cases are consolidated for all purposes. It is further

ORDERED, sua sponte, that these consolidated cases are set for disposition by the en banc Court. Because Judges Kramer, Holdaway, and Steinberg desire to have supplemental memoranda submitted, it is further

ORDERED that the parties are invited to submit, within 30 days after the date of this order, supplemental memoranda on the following:

(1) The Court is considering the appropriate remedy for those cases in which the Court holds that a claim, which was previously and finally denied, was improperly reopened by the Board of Veterans' Appeals (BVA or Board), *see McGinnis v. Brown,* 4 Vet.App. 239, 244 (1993) (vacating BVA decision); *Thompson (Charles) v. Derwinski,* 1 Vet.App. 251, 252 (1991) (affirming BVA decision), or that a claim, which the Board adjudicated on the merits, is not well grounded as a matter of law, *see Grottveit v. Brown,* 5 Vet.App. 91, 93 (1993) (vacating BVA decision); *Tirpak v. Derwinski,* 2 Vet.App. 609, 611 (1992) (affirming BVA decision). Among the remedies under consideration are the *McGinnis/Grottveit* remedy of vacating the BVA and/or regional office (RO) decision and the *Thompson/Tirpak* remedy of affirming the BVA decision on the ground of nonprejudicial error, *see also Green v. Brown,* 5 Vet. App. 83, 84–87 (1993) (Kramer and Steinberg, JJ., dissenting statements); *McGinnis,* 4 Vet.App. at 245 (Steinberg, J., concurring in part and dissenting in part) (citing cases). The position and analysis of the parties is invited on this matter and specifically on the following questions:

(2) If the Court vacates a BVA decision because it improperly reopened a claim or improperly failed to find a claim to be not well grounded, does the BVA, under applicable law and regulation, still have to take

action to render a decision since an appeal to the BVA has been filed and no decision has been rendered by the BVA with respect to that appeal?

(3) If the BVA, either pursuant to a direction of the Court or sua sponte, vacates an RO decision which improperly reopened a claim or improperly failed to find a claim to be not well grounded, does the RO, under applicable law and regulation, still have to take action to render a decision on the claim that was filed?

(4) Where reopening of a claim is sought, does the "new" evidence for purposes of the attempted reopening include all the evidence secured since the time of the most recent merits disallowance, or is it limited to only that evidence presented or secured since the time of the last final disallowance, whatever the basis therefor, i.e., on the merits, lack of new and material evidence, lack of well-groundedness, lack of "claimant" status (*see Aguilar v. Derwinski,* 2 Vet.App. 21, 23 (1991)), or failure to state a claim upon which relief can be granted (*see Sabonis v. Brown,* 6 Vet.App. 426, 430 (1994))? Is the basis for disallowance (i.e., merits or non-merits) generally ascertainable from the decision document?

(5) With respect to a lack of well-groundedness, if a final RO, BVA, or Court decision finds a claim to be not well grounded, is presentation of the same claim again an attempt to reopen which requires new and material evidence, or an original claim which must meet the well-groundedness threshold?

It is further

ORDERED that any interested individual or entity may, within the same 30-day period, submit amicus memoranda on the issues stated above.