**Patrick F. BURKE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–49.**

United States Court of Veterans Appeals.

June 15, 1995.

**Armed Services** ⬡165

Where Board of Veterans' Appeals (BVA) initially denied veteran's claim on the merits, but parties subsequently agreed that the claim had never been well grounded, the appeal was mooted, and there was no claim for Court of Veterans Appeals to remand and no BVA decision to vacate.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS, and STEINBERG, Judges.*

### ORDER

PER CURIAM.

On February 22, 1995, a panel of the Court (consisting of Judges FARLEY, MANKIN, and IVERS) issued an order dismissing the instant appeal. On March 27, 1995, the appellant filed a motion for panel reconsideration, or, in the alternative, for review by the full Court.

Before the matter came to issue for decision by the panel, the parties agreed that the appellant's claim for service connection for vertigo was not well grounded. While the appellant desired that the decision of the Board of Veterans' Appeals (BVA) be vacated and the matter remanded consistent with the remedy afforded in *Grottveit v. Brown,* 5

Vet.App. 91 (1993), the Court deemed the agreement of the parties to have mooted the appeal. The appellant's motion for reconsideration is premised upon the belief that the February 22, 1995, order of the Court is susceptible to either of two interpretations, both of which, the appellant argues, are legally flawed. However, neither of the proffered interpretations is accurate. In view of the understandable and regrettable confusion, the panel will take this opportunity to clarify the order of February 22, 1995.

Although the BVA had denied the claim on the merits in its decision of September 23, 1993, the Secretary's subsequent agreement that the claim had never been well grounded superseded the BVA decision. Since the parties agreed that the claim was not well grounded, there was no claim for the Court to remand (*see Grottveit, supra*); since the BVA decision was "overridden," there was no BVA decision for the Court to vacate (*see Bond v. Derwinski,* 2 Vet.App. 376 (1992)). If and when the appellant submits a well-grounded claim to the regional office, he will be entitled to have such a claim fully adjudicated.

On consideration of the foregoing, it is

ORDERED, by the panel, that the appellant's motion for reconsideration by the panel is DENIED. Further, it is

ORDERED, by the full Court, that full Court review is not necessary to address a question of exceptional importance to the administration of the laws affecting veterans' benefits or to secure or maintain uniformity of the Court's decisions and therefore the appellant's motion for full Court review is DENIED.

STEINBERG, Judge, concurring:

This proceeding and the panel's order stating that the vertigo claim is not a claim because it is not well grounded illustrates again the folly of *Grottveit v. Brown,* 5 Vet. App. 91 (1993), and its mischievous progeny and their counterintuitive notion that a claim is sometimes a "claim" and sometimes a "nonclaim". *See Sarmiento v. Brown,* 7 Vet. App. 80, 83–84 (1994). As Judge KRAMER recently wrote, "[t]he only possible infer-

---

* Judges KRAMER and HOLDAWAY did not participate in this order.

ences that can be drawn from [the statutory] language [of 38 U.S.C. § 5107(a) ] are that there is such a thing as a claim that is not well grounded (not a nonclaim) and that there is such a thing as a claimant who is not entitled to assistance (not a nonclaimant)". *Sarmiento*, 7 Vet.App. at 88 (Kramer, J., concurring in the result).[1]

These issues are presently before the en banc Court in *Edenfield v. Brown*, 6 Vet.App. 432 (1994). *See Edenfield v. Brown*, 6 Vet. App. 432 (1994) (en banc order consolidating case with *Smith (George) v. Brown*, No. 92–1369). It is understandable that the appellant's pro bono counsel is confused by the Court's February 22, 1995, order and the Court's caselaw, given the divergent and unsettled remedies applied by this Court upon finding that the Board of Veterans' Appeals (BVA) has erred in finding a claim to be well grounded. His efforts to ensure full protection of his client's interests are admirable.

Finally, in attempting to understand the significance of the Court's unwillingness to apply in this case the *Grottveit* remedy of remanding for the BVA to vacate the underlying decision of the Department of Veterans Affairs regional office (RO),[2] the appellant may take solace in the fact that such a remand is unnecessary because an underlying RO decision is generally subsumed in the BVA decision reviewing it. *See Landicho v. Brown*, 7 Vet.App. 42, 52 (1994); 38 C.F.R. § 20.1104 (1994) (BVA decision affirming RO decision subsumes the latter decision).

---

1. *See also Layno v. Brown*, 6 Vet.App. 465, 472 (1994) (Steinberg, J., concurring in part and dissenting in part); *Green (John H.) v. Brown*, 5 Vet.App. 83, 84–87 (1993) (en banc order) (Kramer and Steinberg, JJ., dissenting separately and jointly to denial of en banc review); *Green (John H.) v. Brown*, 4 Vet.App. 382, 384 (1993) (Steinberg, J., dissenting); *McGinnis v. Brown*, 4 Vet.App. 239, 244–46 (1993) (Steinberg, J., concurring in·part and dissenting in part); *Aguilar v. Derwinski*, 2 Vet.App. 21, 23–24 (1991) (Kramer, J., concurring).

2. I believe the panel's clarification attempt is intended to indicate that because the vertigo claim is not well grounded, under *Grottveitian* illogic the underlying decisions of the Board of Veterans' Appeals and Department of Veterans Affairs regional office are "nullit[ies]", and thus the claimant will be allowed to "begin ... on a clean slate" if he resubmits the vertigo claim for adjudication—that is, he will not be required to submit the new and material evidence necessary in order to "reopen" a claim under 38 U.S.C. § 5108. By not allowing a remand in this case because the vertigo claim has been declared a nonclaim by the panel, the Court has once again waved its magic wand and in essence "magically declare[d], amalgamating the best that ontology and alchemy have to offer, that [the] appellant 'did not [even] submit any claim, well grounded or otherwise'." *Sarmiento v. Brown*, 7 Vet.App. 80, 87 (1994) (Kramer, J., concurring in the result).