**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 03-0752

DENISE JARRELL, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued July 19, 2005                      Decided   August 24, 2006 )

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Lavinia A. Derr*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell,* Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the briefs, for the appellee.

Before GREENE, *Chief Judge*, and KASOLD, HAGEL, MOORMAN, LANCE, DAVIS, and SCHOELEN, *Judges*.*

KASOLD, *Judge*, filed the opinion of the Court.  HAGEL, *Judge*, filed a dissenting opinion.

KASOLD, *Judge*:  Veteran Denise Jarrell appeals through counsel a January 3, 2003, Board of Veterans' Appeals (Board) decision that, inter alia, concluded that there was no clear and unmistakable error (CUE) in a January 1956 VA regional office (RO) decision that denied disability compensation for a psychiatric disorder.  For the reasons set forth below, the January 2003 decision of the Board will be set aside in part and the appeal dismissed.[1]

---

* On June 22, 2005, Judge Hagel replaced Chief Judge Steinberg on the panel that was assigned to decide this appeal.  On July 19, 2005, oral arguments were heard before a panel of Judges Kasold, Hagel, and Lance.  It was subsequently determined that this matter was appropriate for en banc consideration.  Chief Judge Steinberg took no part in the disposition of this appeal.

[1] Although 38 U.S.C. § 7261 instructs the Court in appropriate cases to "set aside" decisions of the Board, in taking such action, the Court has traditionally used the term "vacate" to describe that action.  The Court uses the terms "vacate" and "set aside" interchangeably.  The verb "to vacate" is defined as "to nullify, cancel; make void; invalidate,"

# I. BACKGROUND

Ms. Jarrell served in the U.S. Navy from August 1952 to March 1954. Her service medical records disclose no evidence of a psychiatric disorder upon her entry into or separation from service. She was, however, treated for anxiety during service on three occasions. In August 1955, Ms. Jarrell filed a claim for disability compensation benefits for a "nervous condition." Record (R.) at 72-75. In January 1956, the RO denied disability compensation for "psychosis, undifferentiated, in complete remission" because Ms. Jarrell's "nervous condition was not incurred in or aggravated by service." R. at 112-14. Ms. Jarrell did not appeal that decision.

In June 1997, Ms. Jarrell filed through counsel a request for revision of the January 1956 RO decision on the basis of CUE.[2] In November 1997, she submitted further argument in support of her request, wherein she specifically argued that the RO had not followed controlling regulations regarding service connection for diseases noted in service or within the presumptive period thereafter and cited to *Savage v. Gober*, 10 Vet.App. 488 (1997), and 38 C.F.R. §§ 3.303, 3.307(c) (1955). In February 1999, the RO denied the request. On June 14, 1999, Ms. Jarrell filed a Notice of Disagreement (NOD) with the February 1999 RO decision. In July 2000, Ms. Jarrell filed through the same counsel her Substantive Appeal to the Board; therein, in addition to the theory of CUE presented to the RO, Ms. Jarrell raised for the first time that the 1956 RO committed CUE by failing to consider the presumption of sound condition upon entry into service under 38 C.F.R. § 3.63 (1955). The Board acknowledged that Ms. Jarrell raised this new theory of CUE in her Substantive Appeal; in 2003 the Board adjudicated and rejected both theories.

On appeal to the Court, Ms. Jarrell argues solely that the Board erred in its adjudication of her request for revision under the theory that the 1956 RO failed to consider the presumption of

---

while the verb phrase "to set aside" is defined as "to annul or vacate (a judgment, order, etc.)." BLACK'S LAW DICTIONARY 1376, 1546 (7th ed. 1999). We conclude that no distinction exists between "set aside" and "vacate." *Virgin Islands Tel. Corp., v. FCC*, 444 F.3d 666, 671 (D.C. Cir. 2006) ("'Set aside' usually means 'vacate.'"); *Checkosky v. SEC*, 23 F.3d 452, 491 (D.C. Cir. 1994) ("Setting aside means vacating; no other meaning is apparent."). Although both terms can be used interchangeably, to be consistent with the language employed by Congress, and for the purpose of deciding this case, the Court will use the term "set aside."

[2] Although a request for revision on the basis of CUE is frequently referred to as a "CUE claim" or a "claim of CUE," the Court will use the statutory and regulatory language, as appropriate. *See Livesay v. Principi*, 15 Vet.App. 165, 179 (2001) (en banc) ("a request for revision of a previous decision on the basis of CUE is not an application or claim for any benefit under the laws administered by the Secretary" (internal quotations omitted)).

sound condition under § 3.63 – the theory of CUE first presented in her Substantive Appeal. She initially sought reversal and argued, inter alia, that the 2003 Board misinterpreted the presumption-of-soundness requirements under § 3.63. Appellant's Brief (Br.) at 1-11. In her reply brief, however, Ms. Jarrell modifies her request so as to seek remand instead of reversal and presents a new argument that the Board is required to "readjudicate the appellant's claim of CUE" under the standards set forth in *Moody v. Principi*, 360 F.3d 1306 (Fed. Cir. 2004), *Szemraj v. Principi*, 357 F.3d 1370 (Fed. Cir. 2004), and *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001).

On April 15, 2005, the Court ordered supplemental briefing to address jurisdiction. Both parties argue that the Board may adjudicate a request for revision of an RO decision based on a CUE theory not previously presented to an RO if the claimant waives initial adjudication by the RO. This position was echoed by the parties at oral argument, during which Ms. Jarrell expressly asserted her knowing and voluntary waiver of RO consideration.

## II. ANALYSIS

### A. Revision of Decisions Based on CUE

Prior to November 21, 1997, there was no statutory authority allowing a final RO decision to be collaterally attacked on the basis of CUE. Since at least 1928, however, VA regulations provided for the revision of decisions that were the product of "clear and unmistakable error." *See* Veterans Benefits Regulation 187, § 7155 (1928); Exec. Order No. 6230 (Veterans Regulation No. 2a) (July 28, 1933); *see also Russell v. Principi*, 3 Vet.App. 310, 312-13 (1991) (en banc) (holding that 38 C.F.R. § 3.105(a), which allows for revision of RO decisions on the basis of CUE, is a valid exercise of Secretary's authority to prescribe regulations, even in the absence of express statutory authority).

Until 1994, requests for revision on the basis that either an RO decision or a Board decision contained clear and unmistakable error were made pursuant to this regulatory authority. However, in *Smith (William) v. Brown*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) ruled that this regulatory authority, specifically § 3.105(a), applies only to regional office decisions and that Board decisions are final unless reconsideration is ordered by the Board Chairman, the decision

3

is vacated sua sponte by the Board, or the Board decision is reversed or remanded by the Court.[3] *See* 35 F.3d 1516, 1520-21 (Fed. Cir. 1994). The Federal Circuit noted that a body akin to a trial court (an RO) cannot properly review decisions rendered by an appellate body (the Board) that has jurisdiction over it. *See id.*

On November 21, 1997, Congress enacted sections 5109A and 7111, title 38, U.S. Code, which expressly allow for the revision of a prior decision of the Secretary made under chapter 51, title 38, U.S. Code, and a decision of the Board, respectively, on the basis of CUE. *See* Pub. L. 105-111, § 1(b), 111 Stat. 2271 (Nov. 21, 1997). Although both sections provide, in essence, the same authority to attack collaterally the final decisions of an RO or the Board, respectively, they differ, as relevant to this appeal, in the language instructing how each request for revision shall be presented and adjudicated. Section 5109A(e) states that a request for revision of an RO decision on the basis of CUE "shall be submitted to the Secretary and shall be decided in the same manner as any other claim." This contrasts with section 7111(e), which states that a request for revision of a Board decision on the basis of CUE "shall be submitted directly to the Board and shall be decided by the Board on the merits, without referral to any adjudicative or hearing official acting on behalf of the Secretary."

Section 5109A requires that a request for revision of a final RO decision on the basis of CUE "shall" be submitted to the Secretary; section 7111 requires that a request for revision of a final Board decision on the basis of CUE "shall" be submitted directly to the Board and, specifically, not to the Secretary. Although section 7111 does not explicitly exclude the direct submission to the Board, for its consideration in the first instance, a request for revision on the basis of CUE in an RO decision under section 5109A, permitting such action would contravene the express requirement in section 5109A(e) that a request under that section "shall" be submitted to the Secretary. *See Splane v. West*, 216 F.3d 1058, 1068-69 (Fed. Cir. 2000) ("canons of construction . . . require us to give

---

[3] Within the veteran-friendly administrative setting, there are numerous means to having a final Board decision readdressed. In addition to the methods stated in *Smith (William)*, 35 F.3d at 1520-21, a prior decision can be reversed or revised based on CUE, 38 U.S.C. § 7111; *Cook v. Principi*, 318 F.3d 1334, 1337 (Fed. Cir. 2002) (en banc); 38 C.F.R. § 20.1400 (2005), reopened based on new and material evidence, *see* 38 U.S.C. § 5108; *Cook, supra*; 38 C.F.R. § 3.156(a) (2005), or the Board may sua sponte, regardless of any motion for reconsideration, correct obvious errors, *see* 38 U.S.C. § 7103(c); *Hazan v. Gober*, 10 Vet.App. 511, 522 (1997); *see also DiCarlo v. Nicholson*, 20 Vet.App. 52, 56 (2006) (setting forth recognized exceptions to the rule of finality).

effect to the clear language of a statute and avoid rendering any portions meaningless or superfluous"). Additionally, section 7111 by its terms only speaks to prior Board decisions and it evinces no authorization for the Board to consider in the first instance anything other than a request for revision of a previous Board decision based on CUE. *See Shoshone Indian Tribe v. United States*, 364 F.3d 1339, 1347 (Fed. Cir. 2004) (Court presumes "that 'Congress expresses its intent through the language it chooses' and that the choice of words in a statute is therefore deliberate and reflective" (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 433 n.12, 436 (1987))).

This reading of sections 5109A and 7111 is also consistent with the statutory scheme. *See King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) (when interpreting a statute, the Court is required to look at the context and the provisions of law as a whole); *Imazio Nursery, Inc. v. Dania Greenhouses*, 69 F.3d 1560, 1564 (Fed. Cir. 1995) (all parts of a statute must be construed together without according undue importance to a single or isolated portion); *see also Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) ("Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute."), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456, 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994); 2A N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46:05 (6th ed. 2000) ("each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole" and "the court will not only consider the particular statute in question, but also the entire legislative scheme of which it is a part"). Whereas section 7111 describes a specific procedure for the adjudication of a request for revision of a Board decision based on CUE, section 5109A(e) requires that a request for revision based on CUE "shall be decided in the same manner as any other claim." Section 5109A is part of chapter 51, title 38, U.S. Code, as is section 5104(a), which controls the adjudication of claims by the Secretary. Section 5104(a) requires that the Secretary notify a claimant of the Secretary's decisions affecting the provision of benefits made under section 511(a), title 38, U.S. Code. Section 511(a) requires the Secretary to decide all questions of law and fact necessary for a decision by the Secretary under the law that affects the provision of benefits by the Secretary.

### 1. Board Jurisdiction Over a Claim

Although the term "claim" is not defined in title 38, U.S. Code, section 5100 defines "claimant" as "any individual applying for, or submitting a claim for, any benefit under the laws

administered by the Secretary," which necessarily suggests that a claim is one for a benefit. 38 U.S.C. § 5100. This suggestion was adopted by the Secretary in his implementing regulations which define a "claim" as a written request for "determination of entitlement . . . to a benefit." 38 C.F.R. § 3.1(p) (2005); *see also* 38 C.F.R. § 20.3(f) (2005) (defining "claim" as, inter alia, an "application made under title 38, United States Code, and implementing directives for entitlement to [VA] benefits") . Claims for benefits, necessarily, are submitted to and adjudicated by the RO, which acts on behalf of the Secretary. *Cf.* 38 U.S.C. § 5103(a) (Secretary shall take certain action "[u]pon receipt of a complete or substantially complete application" for benefits). This is so that the RO can make the "initial review or determination" referred to in 38 U.S.C. § 7105(b)(1), against which a Notice of Disagreement (NOD) may be filed to initiate appellate review. *See Godfrey v. Brown*, 7 Vet.App. 398, 410 (1995).

Once a claim is adjudicated by the RO, that decision becomes final unless the claimant appeals the decision. *See* 38 U.S.C. § 7105(c). The request for appellate review by the Board is initiated by filing an NOD and is completed by filing a Substantive Appeal. *See* 38 U.S.C. § 7105(a). When a claim is properly appealed to the Board, the Board is vested with the jurisdiction to *review* "[a]ll questions in a matter which under section 511(a) of [title 38] is subject to a decision of the Secretary." 38 U.S.C. §§ 7104(a), 7105(a); *see also Bernard v. Brown*, 4 Vet.App. 384, 390-91 (1993).

Although a claimant may file an NOD as to a claim adjudicated below, nothing in an NOD could confer jurisdiction upon the Board over a claim that was never presented to and adjudicated by the RO because there is no decision on such a newly raised claim to appeal to the Board. *See Godfrey*, 7 Vet.App. at 408-10 (Board lacks jurisdiction over claim not first presented to and adjudicated by the RO). Indeed, as an appellate tribunal reviewing the Secretary's decision on a claim for benefits under section 511, and absent the grant of original jurisdiction, the Board has no authority to adjudicate such a claim in the first instance.[4] *See* 38 U.S.C. § 7104(a); *Scates v.*

_____

[4] The Board has been granted original jurisdiction to adjudicate a request for revision of a Board decision based on CUE, *see* 38 U.S.C. § 7111, to correct obvious error, *see* 38 U.S.C. § 7103(c), and to review attorney fee agreements, *see* 38 U.S.C. § 5904(c)(2); *Scates v. Principi*, 282 F.3d 1362, 1367 (Fed. Cir. 2002) (recognizing section 5904(c)(2) as giving Board "non-appellate authority" to review attorney fee agreements). *See also Matthews v. Nicholson*, 19 Vet.App. 202, 205 (citing sections 5904(c)(2) and 7111 as examples of statutory provisions granting original jurisdiction to the Board).

*Principi*, 282 F.3d 1362, 1367 (Fed. Cir. 2002) ("The Board is primarily an appellate tribunal [that] serves as the deciding entity 'on appeal to the Secretary' of a question 'subject to decision by the Secretary' under [section] 511(a)."). Moreover, it is axiomatic that in the absence of legislation authorizing otherwise, jurisdiction cannot be conferred – nor can the lack of jurisdiction be waived – by the parties. *See Johnson v. Brown*, 7 Vet.App. 25, 27 (1994) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("Lack of jurisdiction 'cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.'" (quoting *California v. LaRue*, 409 U.S. 109, 112 n.3 (1972)))); *Smith (Irma) v. Brown*, 10 Vet.App. 330, 334 (1997) (vacating as ultra vires a Board decision issued without jurisdiction and dismissing appeal); *see also NLRB v. Fed. Sec., Inc.*, 154 F.3d 751, 754 (7th Cir. 1998) (noting in National Labor Relations Board case that statutory jurisdiction of the Board "can never be waived" and that questions of its existence may be raised at any time); *Dunklebarger v. Merit Sys. Prot. Bd.*, 130 F.3d 1476, 1480 (Fed. Cir. 1997) (stating that "an agency cannot by acquiescence confer jurisdiction on the Merit Systems Protection Board to hear an appeal that Congress has not authorized the Board to entertain"); *Plaquemines Port, Harbor & Terminal Dist. v. Fed. Mar. Comm'n*, 838 F.2d 536, 542 n.3 (D.C. Cir. 1988) (stating that abandonment of jurisdictional issues does not confer jurisdiction where none exists and that "[a]gency jurisdiction, like subject matter in the federal courts, cannot be achieved by consent of the parties").

Once the Board has jurisdiction over a claim, however, it has the authority to address all issues related to that claim, even those not previously decided by the RO. *See Bernard*, 4 Vet.App. at 392 (distinguishing between questions or issues in a matter or claim and the matter or claim itself, and holding that the Board has authority "to decide all questions presented on the record before it that were necessary to its decision on the matter" on appeal (citing 38 U.S.C. § 7104(a))). To exercise this authority with regard to questions or issues not previously addressed by an RO in the first instance, however, the Board must secure a waiver from a claimant or otherwise determine that there would be no prejudice to the claimant by proceeding to adjudicate the question or issue; otherwise remand is appropriate. *See Bernard*, 4 Vet.App. at 394 (Board must either obtain waiver or determine whether a claimant will be prejudiced by the Board's adjudication of a question or issue

7

in an appeal not otherwise decided by the RO, otherwise it must remand for the RO to decide the question in the first instance).

### 2. Board Jurisdiction Over a Request for Revision Under § 5109A(e)

A request for revision based on CUE is not a claim for benefits in its own right; rather, it is a collateral attack on an otherwise final benefits decision on the basis of a specific allegation of CUE. *See Livesay*, 15 Vet.App. at 178-79. As observed by the Federal Circuit in *Andre v. Principi*, "[b]ecause a CUE claim involves an allegation of an error with 'some degree of specificity,' a veteran's assertion of a particular clear and unmistakable error by the RO *constitutes a distinct claim*." 301 F.3d 1354, 1361 (Fed. Cir. 2002) (emphasis added) (quoting *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993)). All questions within a *single* claim are encompassed within the term "matter." *See Bernard*, 4 Vet.App. at 389-92. However, two separate claims are considered two separate "matters." *See Godfrey*, 7 Vet.App. at 410. Accordingly, each new theory of CUE is a separate and distinct matter. *See Andre*, *supra*. When a new theory of CUE under section 5109A is first presented to the Board, that matter was not "subject to decision by the Secretary," and the Board would lack appellate jurisdiction over the newly raised theory of CUE.[5] 38 U.S.C. § 7104(a). In such a circumstance, the Board is obligated to refer that theory of CUE to the RO to "be decided in the same manner as any other claim." 38 U.S.C. § 5109A(e); *see Godfrey*, 7 Vet.App. at 410.

In contrast, when a request for revision based on CUE is submitted to the RO and the claimant disagrees with the RO's adjudication of that specific request and appeals to the Board, the Board is vested with jurisdiction over the merits of that matter because it had originally been submitted to the RO and subject to a decision by the Secretary. In *Huston v. Principi*, the claimant, in October 1998, sought revision of "the previous final decision," and in a June 1999 decision, the RO determined that a September 1998 RO decision, which had, inter alia, assigned an effective date of June 7, 1991, for an award of service connection, was not the product of CUE. 18 Vet.App. 395,

---

[5] The U.S. Supreme Court cases of *Scarborough v. Principi*, 541 U.S. 401 (2004), and *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), support this conclusion. Those cases, read together, stand for the proposition that jurisdiction refers to the "adjudicatory authority" over "classes of cases (subject matter jurisdiction) and persons (personal jurisdiction)." *Scarborough*, 541 U.S. at 413-14. Absent a specific grant of original jurisdiction, *see supra* n.4, the Board's adjudicative authority is limited to those classes of cases in which the Secretary had rendered a decision. *See* 38 U.S.C. § 7104(a); *see also Scates*, 282 F.3d at 1367 (except where granted "non-appellate authority," Board's authority is to "review" decisions of the Secretary).

399-400 (2004). Mr. Huston appealed, and the Board determined that there was no CUE in a May 1981 RO decision, which it determined was the last *final* decision rendered, and thus denied the request for revision. *See Huston*, 18 Vet.App. at 398. Under these circumstances, the Board had jurisdiction over the matter because the Board adjudicated the specific theory of CUE that was presented to and adjudicated by the RO, i.e., CUE in the "previous final decision." Although the Board's denial of Mr. Huston's request for revision was based on reasons different from those of the RO, the Board did not adjudicate a different request. Indeed, the Board was never presented with two separate and distinct requests for revision. Because the Board had jurisdiction over the matter, it could proceed to address any issue related thereto. *See Bernard*, *supra*.

The Court determined, however, that because the Board's adjudication of the request for revision addressed a related issue that had not been addressed by the RO, the Board erred in adjudicating that issue in the first instance without first "offering to remand the question to the RO." *Huston*, 18 Vet.App. at 403. Thus, in its review of the RO's decision on a claim, CUE or otherwise, if the Board is required to address an issue related to that matter that was not previously considered by the RO, the Board must either remand the matter to the RO or secure the appellant's waiver. *See Huston*, *supra*; *Sutton v. Brown*, 9 Vet.App. 553, 564-70 (1996) (before Board considers issue not considered by RO, Board should "advise the claimant of its intent to consider such . . . issue . . . and . . . unless the claimant submits to the Board the waiver, . . . the case will be returned to the RO for initial adjudication as to the . . . issue not yet considered"); *see also Disabled Am. Veterans v. Sec'y of Veterans Affairs* [hereinafter *DAV v. Sec'y*], 327 F.3d 1339, 1347 (Fed. Cir. 2003) (invalidating 38 C.F.R. § 19.9(a)(2) because, in conjunction with 38 C.F.R. § 20.1304, it allowed Board to consider new evidence without having to remand to RO and without having to obtain appellant's waiver).

Moreover, one seeking revision based on CUE may also "rephrase and provide additional argument and support for the same basic CUE argument presented" on appeal to the Board. *Jordan v. Principi*, 17 Vet.App. 261, 270-71 (2003) (holding that an appellant is not bound to the exact words used in a request for revision on the basis of a CUE in a Board decision), *aff'd sub nom. Jordan v. Nicholson*, 401 F.3d 1296 (Fed. Cir. 2005), *rehearing en banc denied*, No. 04-7034 (Fed. Cir. May 23, 2005). However, each wholly distinct and different CUE theory underlying a request

9

for revision is a separate matter and, when attacking a prior RO decision, each must be presented to and adjudicated by the RO in the first instance and, if not, the Board lacks jurisdiction over the merits of the matter.

## B. Application of Law to Facts

Both parties agree that the theory of CUE presented to the Board in Ms. Jarrell's Substantive Appeal, which was adjudicated by the Board in the decision now on appeal, was a theory of CUE separate and distinct from that presented to and adjudicated by the 1997 RO. Specifically, the request presented to the 1997 RO was based on the argument that the 1956 RO had not followed the provisions of 38 C.F.R. §§ 3.303 and 3.307(c), the then-controlling regulations regarding service connection for diseases noted in service or within the presumptive period thereafter. In her Substantive Appeal, however, Ms. Jarrell raised for the first time the failure of the 1956 RO to consider the presumption of sound condition under 38 C.F.R. § 3.63.

Although Ms. Jarrell filed an NOD and a Substantive Appeal, these actions could only confer on the Board jurisdiction to review the merits of a request for revision based on the theory of CUE presented to and adjudicated by the 1997 RO, and they did not serve to establish such jurisdiction in the Board over a request for revision based on a wholly distinct theory of CUE first presented in her Substantive Appeal. *See Andre* and *Godfrey*, both *supra*. Moreover, Ms. Jarrell's waiver of consideration by the RO of the CUE theory presented to the Board cannot serve to confer jurisdiction where it otherwise does not exist.[6] *See Smith (Irma)* and *Johnson*, both *supra*; *see also Fed. Sec.*, *Dunklebarger*, *Plaquemines*, all *supra*. In this instance, because the Board lacked jurisdiction on the merits of Ms. Jarrell's request for revision that had not been presented to and adjudicated by the RO, the appropriate course of action for the Board was to refer the matter to the RO for adjudication in the first instance. *See* 38 U.S.C. § 5109(e); *Godfrey*, 7 Vet.App. at 410 (holding Board properly referred unadjudicated claim first raised to the Board to the RO for adjudication).

---

[6] *DAV v. Sec'y*, *supra*, upon which our dissenting colleague relies, is inapposite to the case at bar. In *DAV v. Sec'y*, the Federal Circuit held that when additional evidence is submitted to the Board in support of a claim to reopen, the Board must secure a claimant's waiver before proceeding to evaluate such evidence and decide the claim adverse to the claimant, or remand for the RO to undertake such action in the first instance. *Id.* at 1342. The case at bar involves a wholly distinct and separate CUE theory in support of a request for revision – a separate and distinct "claim" (request), *see Andre*, *supra* – which, as the parties agree, has never been presented to an RO.

The Court must "take due account of the rule of prejudicial error" in every case in which it finds error in the Board's decision. 38 U.S.C. § 7261(b)(2); *see Conway v. Principi*, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004) (Court shall take due account of the rule of prejudicial error). In the circumstances of this case, to hold that a lack of jurisdiction can be harmless error would be inconsistent with the well-established doctrine that parties cannot consent to agency jurisdiction and that the absence of jurisdiction cannot be waived. *See Smith (Irma)* and *Johnson*, both *supra*; *see also Fed. Sec.*, *Dunklebarger*, and *Plaquemines*, all *supra.*

## IV. CONCLUSION

Upon consideration of the foregoing, that portion of the January 3, 2003, Board decision that adjudicated the request for revision on the basis of CUE first raised in Ms. Jarrell's Substantive Appeal to the Board is SET ASIDE for want of original jurisdiction over that matter. This appeal is DISMISSED.

SET ASIDE and APPEAL DISMISSED.

HAGEL, *Judge*, dissenting: I respectfully dissent from the majority's opinion. The majority holds that the regional office's failure to consider a specific assertion of clear and unmistakable error deprives the Board of jurisdiction to do so, despite the claimant's waiver of regional office review. I believe that the majority confuses the issue of jurisdiction with that of the procedural requirements for intra-agency claims processing and thereby forces a burdensome, unnecessary, and unwanted remand on both parties.[1] Ms. Jarrell and the Secretary both agree that Ms. Jarrell should be able to

---

[1] My disagreement with my colleagues stems from a basic difference of opinion regarding the nature and character of the Board. My colleagues appear to treat the Board as the functional equivalent of a court of law, separate and independent of any agency and before which the proceedings are fully adversarial. This premise is mistaken. The Board is an agent of the Secretary created by Congress for the purpose of affording claimants who disagree with VA's initial decision on an application for benefits their statutory right to another review within the agency prior to the agency's final determination on the application. *See Disabled Am. Veterans v. Sec'y of Veterans Affairs,* 327 F.3d 1339, 1346-47 (Fed. Cir. 2003) ("By statute, the Board is an agent of the Secretary, as are the [agencies of original jurisdiction].") (citing 38 U.S.C. § 7101(a) (2000)) The Board and its members have a rich history in the adjudication of veterans claims, however, equating the Board with an independent court of appeals is inconsistent with the manner in which the Board functions and in which it has been described in judicial decisions. The Board, unlike nearly all appellate courts, reviews all facts de novo. The Board's decision is based on the entire record before the regional office and it must assume that the claimant disagrees with all statements of fact previously found by the agency. 38 C.F.R. §§ 19.7(a) (2005), 20.202 (2005). Indeed, the Board conducts evidentiary hearings and has independent authority to obtain information for initial

11

waive her right to "one review on appeal" in order to permit the Board to consider her clear-and-unmistakable-error argument. 38 U.S.C. § 7104. If both parties agree to waive an administrative procedure, how can this Court, sua sponte, force that procedural formality on them? The result of this decision is unnecessary delay in the resolution of Ms. Jarrell's case. Further, considering the clear terms of sections 7261(a)(3)(C) and 7261(b), which require the Court to apply the rule of prejudicial error **even when the Court sets aside a Board decision for lack of jurisdiction,** any jurisdictional error committed by the Board was nonprejudicial in the instant case, given that the Board had subject matter jurisdiction and Ms. Jarrell is waiving her right to one review on appeal.

A. The Board's Subject Matter Jurisdiction

The majority finds that this Court lacks jurisdiction over the matter on appeal because the Board lacked subject matter jurisdiction. I disagree. There is only one section in title 38 that defines the Board's jurisdiction, 38 U.S.C. § 7104, and it is appropriately entitled "Jurisdiction of the Board." The majority, however, fails to consider the breadth of authority given to both the Secretary and the Board under that statute. Section 7104(a) defines the Board's jurisdiction expansively, by citing to 38 U.S.C. § 511(a), as extending to all questions "necessary to a decision by the Secretary under a law that affects the provision of [veterans] benefits." The Board therefore has jurisdiction to review all claims that arise under a law that affects the provision of veterans benefits. *Bates v. Nicholson,* 398 F.3d 1355, 1359 (Fed. Cir. 2005).

Section 7104(d) also provides the Board with jurisdiction to review a wide scope of matters by requiring that the Board consider "all material issues of fact and law presented on the record." There are no qualifying terms requiring the Board to address only material issues or claims that have been previously considered by the regional office. The only significant statutory limitation on the Board's broad jurisdiction is the claimant's right to "one review on appeal" under section 7104(a). But the Federal Circuit has indicated that this limitation is eliminated when the claimant effectively waives additional review. Specifically, in *Disabled American Veterans v. Secretary of Veterans*

consideration from both within and outside VA, if it obtains the claimant's waiver. 38 C.F.R. § 20.1304 (2005); *Disabled Am. Veterans,* 327 F.3d at 1347-48. The Board is also "bound" by the "instructions of the Secretary" as explicitly set forth under 38 U.S.C. § 7104. Thus, because the Secretary is both a party in this case and the head of the entire VA, including the Board, his agreement with Ms. Jarrell that she can waive her right to a second adjudication of her claim presents a different context than waiver of jurisdiction in a federal district or appellate court.

*Affairs* the Federal Circuit held that section 7104(a) creates a procedural right that entitles the claimant "to appeal an adverse [agency-of-original-jurisdiction] decision to the Secretary of Veterans Affairs." 327 F.3d at 1342. The Federal Circuit then acknowledged that the claimant ***may waive*** this right.[2] *Id.* at 1341-42.

The majority cites to cases from other jurisdictions that have held that an agency's statutory or subject matter jurisdiction cannot be waived. *See ante* at ___; *see also NLRB v. Fed. Sec., Inc.*, 154 F.3d 751, 754 (7th Cir. 1998); *Dunklebarger v. Merit Sys. Prot. Bd.*, 130 F.3d 1476, 1480 (Fed. Cir. 1997); *Plaquemines Port, Harbor & Terminal Dist. v. Fed. Mar. Comm'n*, 838 F.2d 536, 542 n.3 (D.C. Cir. 1988). But those cases are distinguishable from the instant case because pursuant to section 7104 the Board clearly has statutory or subject matter jurisdiction to review the issue presented in this case–whether the regional office committed clear and unmistakable error in a 1956 decision.[3] That issue unquestionably arises under a law that affects the provision of veterans benefits, therefore, as set forth above, it lies within the scope of the Board's statutory jurisdiction. *Bates,* 398 F.3d at 1359. I am not implying, by any means, that the parties could by their own agreement expand the Board's jurisdiction to an area of law unrelated to the provision of veterans benefits. Rather, I would hold that the claimant may waive her procedural right to one review on appeal if the Board agrees to review a matter in the first instance.[4]

---

[2] The Federal Circuit suggested in *Disabled American Veterans v. Secretary of Veterans Affairs* that if the claimant had been afforded the opportunity to waive appellate review and had decided to waive that right, the Board would have been allowed to consider new evidence without having to remand the matter to the regional office. 327 F.3d at 1341.

[3] Although the majority cites to the Federal Circuit's decision in *Scates v. Principi* for the proposition that the Board is primarily an appellate tribunal, the Federal Circuit also established in *Scates* that "[t]he Board's substantive jurisdiction is broad." 282 F.3d 1362, 1366-1367 (2002). Moreover, in *Scates* the Federal Circuit declined to reach the holding reached by this Court in its underlying decision, which held that the Board lacked original jurisdiction to review the question of entitlement to attorney fees. *Id.*; *see Scates v. Gober,* 14 Vet. App. 62, 65 (2000). Significantly, the Federal Circuit cited to its prior decision in *Cox v. West*, 149 F.3d 1360, 1364-65 (Fed. Cir. 1998), in which it ruled that the Board "might have [had] jurisdiction over Cox's claim [seeking payment by the Secretary of an undisputed fee] under § 7104, because that claim required the Secretary under § 511(a) 'to make a decision "under a law that affects the provision of benefits by the Secretary to veterans."'" *Scates,* 282 F.3d at 1368 (quoting *Cox,* 149 F.3d at 1365 (quoting 38 U.S.C. § 511(a))).

[4] The Secretary's interest in intra-agency claims processing is served when the Board decides either to remand a matter to the regional office or to allow the claimant to waive regional office review so that it may consider a matter in the first instance.

## B. VA Processing of Requests for Revision Based on Clear and Unmistakable Error Is Not a Jurisdictional Issue.

The majority relies principally on the argument that the differences between the claims-processing requirements set forth in 38 U.S.C. § 7111 and 38 U.S.C. § 5109A demonstrate that, pursuant to section 5109A, the Board lacks jurisdiction to review requests for revision in the first instance. The majority argues that 38 U.S.C. § 7111 explicitly provides that the Board shall review in the first instance requests for revision of Board decisions, whereas, section 5109A does not. The majority's analysis, however, fails to address why section 7111 was enacted. As the Federal Circuit has stated, "[t]hat provision was a reaction to our decision in *Smith* [*v. Brown*, 35 F.3d 1516, 1526 (Fed. Cir. 1994)], which held that the 'clear and unmistakable error' regulation applied only to regional office decisions and not to those of the Board." *Donovan v. West,* 158 F.3d 1377, 1383 (Fed. Cir. 1998). The Federal Circuit determined in *Smith* that to allow the regional office to review requests for revision of Board decisions "would, oddly, permit an inferior to collaterally review the actions of a superior, at least as an initial matter." 35 F.3d at 1526. The statute was therefore enacted, not to limit the Board's jurisdiction, but rather to prevent a lower tribunal from reviewing the decisions of a higher tribunal. In the instant case, the reverse scenario exists because the Board, the superior tribunal, is reviewing a collateral attack on a regional office decision. The majority's central argument thus rests on a flimsy foundation.

Recent U.S. Supreme Court decisions also cast doubts on the majority's effort to label the claims-processing requirements of section 5109A as jurisdictional.[5] *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). In *Day v. McDonough*, the Supreme Court held that "a statute of limitations defense is not 'jurisdictional,' hence courts are under no obligation to raise the time bar *sua sponte*." __ U.S.__, __, No. 04-1324, slip op. at 5 (Apr. 25, 2006). The Supreme Court further determined that statute of limitations "resemble[] other threshold barriers – exhaustion of state remedies, procedural default, nonretroactivity – courts have typed 'nonjurisdictional,' although recognizing that

---

[5] The majority also relies on *Godfrey v. Brown,* and *Bernard v. Brown*, which both acknowledged that the section 7105 requirements were procedural and described them as a "a series of very specific, sequential, ***procedural steps*** that must be carried out" for appellate review. *Godfrey v. Brown* 7 Vet.App. 398, 409 (1995) (emphasis added) (quoting *Bernard v. Brown*, 4 Vet.App. 382, 390 (1993)). *Godfrey* and *Bernard* are also distinguishable from the instant case because the claimants in those cases did not want to waive their rights to "one review on appeal."

14

those defenses 'implicate values beyond the concerns of the parties.'" *Id.* (quoting *Acosta v. Artuz,* 221 F.3d 117, 122 (2000)). In *Scarborough,* the Supreme Court also reasoned as follows:

> Clarity would be facilitated if courts and litigants used the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.

541 U.S. at 414 (quoting *Kontrick v. Ryan,* 540 U.S. 443, 454 (2004)).[6]

Section 5109A provides generally that a request for revision on the basis of clear and unmistakable error "shall be submitted to the Secretary and shall be decided in the same manner as any other claim." Because such a request for revision must be "decided in the same manner as any other claim," section 5109A does not delineate any particular jurisdictional requirements beyond those already dictated under section 7104.

## C. Waiver of a Right

It is well established that, absent an affirmative indication of Congress's intent to preclude waiver, "[a] party may waive any provision either of a contract or of a statute, intended for his benefit." *Shutte v. Thompson,* 82 U.S. 151, 159 (1873); *Janssen v. Principi,* 15 Vet.App. 370, 373-74 (2001); *see also United States v. Mezzanatto*, 513 U.S. 196, 200-01 (1995) ("Rather than deeming waiver presumptively unavailable absent some sort of express enabling clause, we instead have adhered to the opposite presumption.") In *Disabled American Veterans*, the Federal Circuit recognized that "one review on appeal" was a procedural right intended for the benefit of the claimant. 327 F.3d at 1342. It therefore follows that, in order to waive that right to one review on appeal, a claimant must have knowledge of that right, and must intend, voluntarily and freely, to relinquish or surrender that right. *Janssen*, 15 Vet.App. at 374.

In the instant case, there is no question with respect to the clarity of the waiver. Ms. Jarrell, represented by counsel, "expressly asserted her knowing and voluntary waiver of [regional office]

---

[6] The Supreme Court held that this Court's jurisdictional requirements had already been satisfied when Scarborough appealed the Board decision denying his claim for disability benefits.

consideration," as conceded by the majority. *Ante* at ___. The Secretary has also agreed that Ms. Jarrell should be able to waive that procedural right.[7]

If not for the sake of the claimant's right to additional review or the Secretary's interest in the orderly processing of claims, what purpose can forcing "one review on appeal" serve? The majority's decision dictates a further administrative procedure that is not sought by either Ms. Jarrell or the Secretary, and not required by law for the sole purpose of conforming the adjudication of this matter to the majority's sense of what a well-ordered process should be.[8]

### D. Deference to Agency and Informal Claimant-Friendly System

When a claimant waives the right to one review on appeal, the Court should defer to the Secretary's discretion regarding whether the Board should adjudicate the claim in the first instance. The Supreme Court has established that "[c]ogent 'administrative interpretations . . . not [the] products of formal rulemaking . . . warrant respect.'" *Alaska Dep't of Envtl. Conservation v. EPA,* 540 U.S. 461, 487 (2004) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003)). Courts should "respect the congressional delegation of authority to agencies in the matters entrusted to them and should also respect their specialized expertise in deciding the matters before them." *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1365 (Fed. Cir. 2005). Because the Board is an agent of the Secretary, this Court would unnecessarily interfere in the agency's internal processing of claims by disallowing the Board from adjudicating a claim, despite the claimant's waiver. The Court should respect the Secretary's position in this case.

---

[7] The majority's forced remand in this case is tantamount to forcing a remand to require compliance with the notice provisions of section 5103(a) against the wishes of the appellant and the Secretary.

[8] The majority concedes that the Board can proceed to adjudicate arguments in the first instance when claimant's waive regional office review so long as the regional office has reviewed the underlying claim. However, in the context of assertions of clear and unmistakable error, the line between rephrasing the argument and asserting a new claim becomes unascertainable because each "assertion of a particular clear and unmistakable error by the [regional office] constitutes a distinct claim." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002) (citation omitted). Thus, implementing the majority's rule will result in arbitrary and inconsistent outcomes. Such inconsistency is demonstrated by a comparison of the majority's position in the instant case and its analysis of *Huston v. Principi*, 18 Vet.App. 395(2004). In *Huston,* the Court considered the same question posed by the majority in this case–whether the Board could consider a clear-and-unmistakable-error argument that was not presented to the regional office. 18 Vet.App. at 402-3. The facts in *Huston* are strikingly similar to the facts in this case in that both Ms. Jarrell and the claimant in *Huston* presented vague clear-and-unmistakable-error arguments before the regional office and the Board then considered more specific variations of those assertions. The majority's holding regarding the adjudication of this case, which has similar facts, is contradictory and inconsistent and foreshadows future problems of administrability.

16

Moreover, deference to the agency in the instant case results in an outcome both favorable to the claimant and in line with the congressional intent that the VA system be "as informal and nonadversarial as possible." *Bailey v. West*, 160 F.3d 1360, 1369 (Fed. Cir. 1998) (citing *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 323-24 (1985)).

E.  The Rule of Prejudicial Error

Assuming, for the sake of argument, that the Board committed a jurisdictional error, the Court must consider whether that error was prejudicial. Although it might at first glance seem unnecessary to consider the rule of prejudicial error when there is a finding that the Board does not have jurisdiction in a matter, a clear reading of the statute dictates otherwise. Congress's decision to require this Court to consider prejudice, even in the context of assessing the Board's jurisdictional errors, is further evidence of the legislative intent to create a less formal concept of jurisdiction at the administrative level.

Section 7261(a) provides, in pertinent part, that "to the extent necessary to its decision and when presented [the Court] shall . . . hold unlawful and set aside decisions . . . by the Secretary [or the Board] found to be . . . in excess of statutory jurisdiction, authority, or limitations." Subsection (b)(2) requires that "[i]n making the determinations under subsection (a), the Court shall . . . take due account of the rule of prejudicial error." The Federal Circuit has stressed these requirements by reminding the Court of its responsibility in this regard. *Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004). Read together, subsections (a) and (b) explicitly provide that the Court must take due account of the rule of prejudicial error when holding unlawful or setting aside Board decisions on jurisdictional grounds. The majority asserts that the Board's error must be prejudicial because the Board committed a jurisdictional error and jurisdiction cannot be waived. But that analysis ignores the fact that the issue before the Court clearly falls within the scope of statutory jurisdiction granted by Congress to the Board. *Bates,* 398 F.3d at 1359. And it contradicts the clear and plain meaning of 38 U.S.C. § 7261(a) and (b), which distinctly suggests that a Board jurisdictional error may be nonprejudicial. The majority cannot point to any specific prejudice in this case because neither party was prejudiced, demonstrated by the fact that both parties agree that the Board's adjudication in the first instance was nonprejudicial. Application of the rule of prejudicial error would thus, without question, result in a finding that there was no prejudice, given Ms. Jarrell's

17

waiver of regional office review and the Secretary's agreement that she is entitled to that waiver. In short, in response to the majority's finding of prejudice, I can only ask, prejudice to whom?

## F. Conclusion

Let me be clear that it is not my view that, by waiving the right to appeal and thereby consenting to adjudication of an issue in the first instance by the Board, a claimant can force the Board to decide an issue without the benefit of the factfinding and decisional expertise of the agency of original jurisdiction. Nor can the Board, by unilaterally deciding an issue not presented to the agency of original jurisdiction, force the claimant to abandon the statutory right to one review on appeal. These limitations illustrate two principles: (1) The agency has authority to enforce its claims processing rules and (2) the claimant has a right to one review on appeal from the Secretary. But the procedural requirements for claims processing set forth in 38 U.S.C. § 7105 and 38 U.S.C. § 5109A do not define the jurisdictional requirements of either the Board or the Court. As the Supreme Court clearly set forth in *Day* and *Scarborough*, claims processing rules are not jurisdictional. And, although section 7104 provides that the claimant has a right to one review on appeal, the claimant can waive that right, provided that such a waiver is knowing and intelligent. *Cf. Disabled Am. Veterans*, 327 F.3d at 1342. In the unique circumstances of this case in which the interests of the claimant and the institutional interest of the agency coincide, there are no competing interests, and the disallowance of a waiver leads to absurd results–an unwanted remand, consequential delay for Ms. Jarrell, and waste of administrative resources for VA. Consequently, I respectfully dissent.