Mitchell SCATES, Jr., Claimant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee,

v.

Kenneth B. Mason, Jr., Intervenor–Appellant.

No. 01–7033.

United States Court of Appeals, Federal Circuit.

March 13, 2002.

John S. Groat, Attorney, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Robert E. Kirschman, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michael J. Timinski, Attorney, Department of Veterans Affairs, of Washington, DC. Of counsel was Michael A. Leonard, Department of Veterans Affairs, of Washington, DC.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for intervenor-appellant.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

A lawyer who formerly represented a veteran in his claim before the Department of Veterans Affairs ("Department") for benefits seeks twenty percent of the past benefits the Department awarded the veteran. His claim is based upon his retainer agreement with the veteran providing that amount as the lawyer's fees. During the proceedings before the Department, however, the veteran terminated the lawyer's representation and substituted a veterans organization, which pursued the case to its successful conclusion.

The question before us is which component of the Department—the Board of Veterans' Appeals ("Board") or the Regional Office—should decide initially the lawyer's claim. The Court of Appeals for Veterans Claims ("Veterans Court") held that the Board has jurisdiction to determine only the reasonableness of (but not the lawyer's entitlement to) the fee, and remanded the case to the Board to dismiss and for the Regional Office initially to determine the lawyer's entitlement to a fee. We modify the remand order and, as modified, affirm it.

I

The appellant Mason, an attorney, entered into a "Fee retainer contract" in January 1991 with the veteran Scates to represent Scates in his claim for benefits before the Department and the Veterans Court. In the contract Scates "agree[d] to pay a 'Contingent Fee' equal to 20% (Twenty Percent) of the total amount of any past-due benefits awarded on the basis of your claim with the Department of Veterans Affairs (DVA). It is understood that this Contingent Fee is to be paid by the DVA directly to me from any past due benefits awarded to you."

Scates and Mason amended their representation agreement in April 1993. The

new agreement substituted the following paragraphs relating to the contingent fee arrangement:

If there is a recovery of benefits, I agree to pay you a fee contingent upon the outcome of the matter or proceeding described in paragraph 1. I agree to pay you a fee equal to twenty percent (20%) of the total amount of any past-due VA disability benefits awarded by judgment, settlement or administrative action on the basis of my (the client's) claim with the U.S. Department of Veterans Affairs.

If there is an award of attorney fees under the Equal Access to Justice Act (EAJA), I (the client) agree to pay you (the attorney) that part of the EAJA award that, when added to the twenty percent (20%) of the past due disability benefits, raises the total fee earned by you to the following level: The number of hours of time expended on this case multiplied by $350 per hour, which is two times your normal $175 hourly rate for noncontingency work. I agree and acknowledge because of the contingency nature of my case, $350 per hour is a reasonable rate.

I HEREBY ORDER AND DIRECT DVA TO WITHHOLD TWENTY PER-CENT (20%) OF PAST DUE BENE-FITS PAYABLE TO ME AND TO PAY SUCH AMOUNT TO YOU FOR AT-TORNEY'S FEE. . . .

If, for any reason, the Department of Veteran [sic] Affairs fails to follow my order and direction, I promise and agree to pay the contingent fee, less the advance retainer, directly to you.

In June 1994, Scates terminated Mason's representation, and appointed the Veterans of Foreign Wars as his representative. The Regional Office notified Mason of this change and told him that the April 1993 amended retainer agreement would be kept in Scates' file. The Region-al Office stated that if past-due benefits subsequently were awarded, it would forward that agreement to the Board to determine whether Mason should receive any fee for his representation of Scates.

In March 1996, the Department awarded Scates benefits, including past-due benefits. The Regional Office, pending a decision by the Board on Scates' right to a fee, withheld twenty percent of the past-due benefits. The Board held that Mason had satisfied all the requirements for receiving his fee, and directed that he be paid. The Board ruled that Scates' revocation of Mason's authority to represent him did not preclude payment of "otherwise due" attorney fees.

On Scates' appeal, a divided panel of the Veterans Court reversed the Board. It held that under New York law Scates' termination of Mason's employment extinguished Mason's right to the contingent attorney fee.

The full court, however, granted rehearing en banc and vacated the panel decision. In its en banc opinion the Veterans Court held that "[b]ecause . . . the Board does not have original jurisdiction to consider . . . any issues regarding entitlement to attorney fees in direct-payment cases, . . . all issues involving entitlement or eligibility for attorney fees under direct-payment contingency-fee agreements, as contrasted with the issues of reasonableness and excessiveness, must first be addressed by the RO [Regional Office] in accordance with the normal adjudication procedures and cannot be the subject of sua sponte or other original (on motion) BVA review." It stated:

The matter of attorney fees remains pending before the Secretary by virtue of the fee agreement filed in this case. After notice to the appellant and intervenor, and an opportunity to be heard, that claim should be decided by the RO.

The aggrieved party may then file a Notice of Disagreement and pursue an appeal to the Board and this Court if so desired.... Our decision today does not decide the question of the effect of the termination of the attorney-client relationship between Mr. Mason and Mr. Scates and leaves that question for decision at the initial administrative level. Neither does the Court express any view as to the reasonableness or excessiveness of the fee called for in this agreement since the facts surrounding such issues must be developed in the adjudication of the pending claim. The Board's decision is VACATED for want of original jurisdiction to decide eligibility for direct payment of a withheld contingency fee under § 5904(d), and the matter is REMANDED to the Board with directions to dismiss the matter of direct-payment fee eligibility as referred to the Board by the RO. (citations omitted).

## II

A. Mason contends that under his retainer agreement with Scates, and because he played a significant role in the litigation of this case, he is entitled to the twenty percent of the past-due benefits award that the Regional Office retained, even though Scates terminated his appointment during the Department proceedings. According to Mason, only the "ministerial" act of paying him the withheld money remains to be done to complete the resolution of this attorney fee dispute. Under Mason's analysis, there is therefore no occasion to remand this case to the Regional Office for further proceedings.

Mason's attorney fee claim cannot be disposed of so simply and easily.

■ In the amended representation agreement, Scates stated that "[i]f there is a recovery of benefits, I agree to pay you a fee contingent upon the outcome of the matter or proceeding described in paragraph 1 ... equal to twenty percent (20%) of the total amount of any past-due VA disability benefits awarded." Read in isolation, this provision could be interpreted as entitling Mason to that amount if benefits are recovered, without regard to how long Mason's employment continued or whether Scates terminated Mason's employment during the administrative proceedings and retained a substitute representative who continued to handle the claim.

Read in context and in the light of the statutory provisions governing the payment of attorney fees in veterans benefits cases, however, we conclude that implicit in this arrangement was the understanding that Mason's right to receive the full twenty percent of past due benefits would arise only if Mason continued as Scates' attorney until the case was successfully completed. If, as here, the veteran terminated the lawyer's services during the case and retained a substitute representative, the first lawyer's fees would be based upon and fairly reflect that lawyer's contribution to the case.

Under 38 U.S.C. § 5904(d)(1), (2), when a claimant and an attorney have entered into a contingent fee agreement under which "the total amount of the fee ... (i) is to be paid to the attorney by the Secretary directly from any past due benefits awarded on the basis of the claim,"

The total fee payable to the attorney may not exceed 20 percent of the total amount of any past due benefits awarded on the basis of the claim.

The statute thus limits the total fee payable to an attorney to twenty percent of the "past due benefits awarded." Under Mason's theory, if the veteran terminated the attorney's services in the middle of the

case, the total twenty percent maximum fee would be due to the first attorney. It would then be, at best, extremely difficult for the veteran to hire and pay a successor attorney to complete the case. This would be so even if the claimant dismissed his lawyer for unsatisfactory services (as the client has a right to do, *see Kenis v. Perini Corp.*, 452 Pa.Super. 634, 682 A.2d 845, 849 (1996); *Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 556 N.Y.S.2d 239, 555 N.E.2d 611, 614 (1990)). The veteran's only options would be attempting to procure a veterans organization to take on the case without charge, continuing the case pro se, or personally hiring and paying another lawyer to complete the case.

The history of the statutory provisions governing the payment of attorney fees in veterans benefits cases supports our conclusion that an attorney discharged during the case is entitled only to a fee reflecting his contribution to the litigation. Prior to 1988, the applicable statute was Civil War era legislation that limited attorney fees in veterans benefit claims cases to $10.00. *See In re Wick*, 40 F.3d 367, 368–69 (Fed. Cir.1994). Congress then recognized that the $10.00 fee limit was so small as to effectively preclude veterans from employing lawyers to handle their benefits claims. *See Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 307–35, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985); *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995). The Veterans Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988), reflects Congress' conclusion that claimants should be able to have legal representation in pursuing benefits claims. The Act permits lawyers to receive contingent fees of up to twenty percent of benefits recovered. Because that percentage was less than contingent fees typically found in other areas of practice, Congress gave lawyers the offsetting benefit of certainty of collection; it provided for the Department

to withhold that percentage from the benefits awarded and itself pay the fee directly to the lawyer.

Other statutory provisions similarly reflect congressional intent to protect veterans benefits from improper diminution by excessive legal fees. Section 5904(c)(2) requires that anyone representing a claimant before the Department or the Board after the Board first makes a final decision in the case must file a copy of any fee agreement with the Board, which may reduce any such fee that it finds to be "excessive or unreasonable." Section 5904(c)(3) permits "[a] reasonable fee" in connection with a Department proceeding relating to certain loans the Department has made, guaranteed or insured. Section 7263(d) provides for the Veterans Court, in reviewing findings or orders of the Board, to "order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable."

In sum, an attorney with a contingent fee contract for payment of twenty percent of accrued veterans benefits awarded, discharged by the client before the case is completed, is not automatically entitled to the full twenty percent fee. He may receive only a fee that fairly and accurately reflects his contribution to and responsibility for the benefits awarded.

B. The remaining question is which entity in the Department is to determine the amount of the fee the Department should pay Mason—the Board or the Regional Office.

The Board is primarily an appellate tribunal. Its name is the "Board of Veterans' Appeals" and the number of its members is such "as may be found necessary in order to conduct hearings and dispose of appeals properly before the Board in a timely manner." 38 U.S.C. § 7101(a). The Board's substantive jurisdiction is

broad. 38 U.S.C. § 511(a) states that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." Section 7104(a), captioned "Jurisdiction of the Board," provides:

> All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board.

■ The Board thus serves as the deciding entity "on appeal to the Secretary" of a question "subject to decision by the Secretary" under § 511(a). The decision of questions relating to attorney fees for representing veterans in seeking benefits before the Department "[a]ffects the provision of benefits by the Secretary to veterans." *See Cox v. West,* 149 F.3d 1360, 1364–65 (Fed.Cir.1998). Thus, the Board has jurisdiction over appeals involving contingent fee contracts under which the attorney is to receive up to "20 percent of the amount of any past-due benefits awarded on the basis of the claim" and the Secretary is to pay that fee to the attorney out of those benefits. *See* 38 U.S.C. § 5904(d)(1)(2)(A)(i), (ii).

As noted, there is one statutory provision that gives the Board non-appellate authority. Section 5904(c)(2) requires the filing with the Board of fee agreements for representing claimants before the Department or the Board, and provides that the Board

> may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable.

In its en banc decision in this case, the veterans court stated:

> Because we read *Cox* as holding that the Board does not have original jurisdiction to consider under section 5904(c)(2) any issues regarding entitlement to attorney fees in direct-payment cases, we hold that all issues involving entitlement or eligibility for attorney fees under direct-payment contingency-fee agreements, as contrasted with the issues of reasonableness and excessiveness, must first be addressed by the RO in accordance with the normal adjudication procedures and cannot be the subject of sua sponte or other original (on motion) BVA review. (citations omitted).

The line between (1) entitlement to and (2) reasonableness and excessiveness of attorney fees may not be as clear and bright as the Veterans Court believed. That court apparently viewed the dispute in this case as one involving "entitlement" (over which the Board lacked "original jurisdiction") and therefore an issue over which only the Regional Office had original jurisdiction. Suppose, for example, it was determined that an appropriate fee for Mason would be ten percent of the awarded accrued past benefits. Could not that conclusion also be framed in terms of reasonableness and excessiveness, i.e., any fee of more than that amount would be unreasonable and excessive? Thus, it is unclear that this case involves solely entitlement to, rather than the reasonableness of, an attorney fee.

Moreover, it also is unclear whether the only basis for the Board's jurisdiction here is § 5904(c)(2). *Cox* involved a quite different situation and did not directly present this issue.

Cox, an attorney, represented a veteran before the Department in a claim for bene-

**1368**

fits, pursuant to a twenty percent contingent fee agreement under which the Secretary was to pay the fee to the lawyer out of any past-due benefits. The veteran was awarded such benefits, but the Department paid them all to the veteran and did not withhold the twenty percent covering Cox's fee. When the Regional Office refused to pay Cox his fee, Cox sought a writ of mandamus from the Veterans Court directing the Department to make such payment, which the court denied. Cox then sought similar relief from the Board, which declined to act on the matter. Cox next again sought mandamus from the Veterans Court, this time seeking only an order directing the Board to issue a final decision on his claim, from which he could appeal to that court.

The Veterans Court denied the writ and Cox appealed to this court. We vacated the Veterans Court decision and remanded to that court to consider whether, in light of changed circumstances since its decision, it should now compel the Secretary to issue a final decision from which Cox could appeal. In so concluding, we stated that § 5904(c)(2)

> does not provide the Board with jurisdiction to review Cox's claim ... because the reasonableness of the fee is not in dispute in this case. Cox is seeking payment by the Secretary of an undisputed fee. By its terms, section 5904(c)(2) only gives the Board limited jurisdiction to review the *reasonableness* of a fee and to *reduce* the fee. That subsection does not confer jurisdiction on the Board to order payment of a fee, and one therefore cannot justify issuance of a writ of mandamus based on that section.

149 F.3d at 1364. *See also Hanlin v. United States,* 214 F.3d 1319, 1321 (Fed.

Cir.2000) ("38 U.S.C. § 511(a) *permits* an attorney seeking payment of attorney fees under 38 U.S.C. § 5904(d) to pursue a claim via the VA administrative process, and 38 U.S.C. § 511(a) requires the Secretary to make a decision on such a claim.").

We then ruled, however, that the Board might have jurisdiction over Cox's claim under § 7104, because that claim required the Secretary under § 511(a) "to make a decision 'under a law that affects the provision of benefits by the Secretary to veterans.'" 149 F.3d at 1365 (quoting [38 U.S.C.] § 511(a)).

■ C. We need not here decide whether the Board would have jurisdiction over Mason's claim under § 5904(c)(2), since we conclude that the Veterans Court's decision that the Regional Office should decide this issue may be sustained on an alternative ground: that on the particular facts of this case, the Regional Office was the appropriate agency initially to decide Mason's attorney fee claim.

There are a number of factually-oriented issues that may have to be resolved in connection with deciding Mason's claim for attorney fees. Not all of them necessarily will be resolved but they all involve the kind of factual inquiries that the Regional Office is better qualified to make than the Board.

For what reasons did Scates terminate Mason's employment before the case was completed?

On what basis should Mason's share of the twenty percent contingent fee be calculated? Should it reflect the proportion of the total days spent on the case? Or should it be based upon the number of hours Mason spent on the case compared to the hours expended by the Veterans of

Foreign Wars? May Mason obtain a fee on some other theory, such as quantum meruit? May the Department award a fee on that basis, or must Mason seek recovery from Scates in a different forum (such as a suit in state court)?

Is the Veterans of Foreign Wars seeking any legal fees for the services it performed for Scates?

There may be other factual issues to be decided in this case. The foregoing list is illustrative, not exhaustive. It shows that even if, contrary to the conclusion of the en banc Veterans Court, the Board would have jurisdiction here, the nature of the issues makes the Regional Office a more appropriate forum than the Board initially to decide the questions.

■ D. Mason contends that the Veterans Court improperly authorized his former client Scates to participate in the Régional Office proceedings to determine Mason's right to a fee. Scates, however, has a substantial, immediate and direct financial interest in the attorney fee claim, since the Department's payments to Mason will be made from the twenty percent of Scates' accrued benefits that the Department withheld for that purpose. If less than the twenty percent is paid to Mason, presumably the balance will be paid to Scates.

Another provision of Title 38 provides for the client's participation in administrative proceedings relating to attorney fees. Section 5904(c)(2) authorizes the Board, on its own or on "the request of either party" to review a fee agreement filed with it and reduce any fees it finds to be excessive or unreasonable. If the client requests review of his fee agreement, the client could participate (to whatever extent the Board permits participation) in the Board pro-

ceedings. The Regional Office proceeding in the present case will be similar to such Board proceeding under § 5904(c)(2), although the statute does not expressly provide for that proceeding. There is no reason to believe that Congress intended to preclude the claimant from participating in the Regional Office proceeding and the Veterans Court did not err in permitting such participation.

E. Since the case is being remanded to the Regional Office, we briefly address an issue that that entity presumably will consider.

In view of Scates' termination of Mason's employment, is Mason entitled to any portion of the twenty percent contingent fee arrangement? In its panel opinion, the Veterans Court ruled that under New York law the termination extinguished Mason's right to a contingent fee. The en banc court, however, vacated the panel decision when it granted rehearing en banc.

■ Ordinarily state law controls the attorney-client relationship. *See Baird v. Koerner,* 279 F.2d 623 (9th Cir.1960). Here, however, a federal statute provides for and governs the twenty percent contingent fee arrangement and the Secretary's payment of the fee to the attorney out of the proceeds of the past benefits awarded. In that situation, should not federal rather than state law govern those aspects of the relationship? *Cf. Howard v. Lyons,* 360 U.S. 593, 597, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959) (holding that the validity of government official's claim of absolute immunity for statement allegedly defamatory under state law "must be judged by federal standards, to be formulated by the courts in the absence of legislative action by Congress"). Of course, such federal

**1370**

standards may reflect and incorporate, as federal law, state law provisions governing the attorney-client relationship. *See, e.g., United States v. Brosnan,* 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960) (noting the desirability of "adopt[ing] as federal law state law," in part because the area of law in question was "long since settled and regulated by state law").

## CONCLUSION

The judgment of the Veterans Court vacating the Board's decision is modified to provide that the matter is remanded to the Regional Office for further proceedings consistent with this opinion. As thus modified, the judgment of the Veterans Court is affirmed.

*MODIFIED AND AFFIRMED.*