MAYER, Circuit Judge,
dissenting.
Because neither 38 U.S.C. § 7109(a) nor 38 U.S.C. § 5103A authorizes the Board of Veterans’ Appeals to secure medical opinions from Department of Veterans Affairs (‘VA”) employees, and because neither provides an exception to the requirement of 38 U.S.C. § 7104(a) that “[a]ll questions ... subject to decision by the Secretary shall be subject to one review on appeal,” 38 C.F.R. § 20.901(a) is invalid. Section 20.901(a)[1] is inconsistent with section 7104(a)[2] because it denies appellants “one review on appeal to the Secretary” when, absent a veteran’s waiver, it allows the board to seek and consider medical opinions from health care professionals from within VA without remanding the case to the agency of original jurisdiction, or regional office, for initial consideration. Disabled Am. Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1345-48 (Fed.Cir.2003) (“DAV /”). “Together, [38 U.S.C.] §§ 511(a) and 7104(a) dictate that the Board acts on behalf of the Secretary in making the ultimate decision on claims and provides ‘one review on appeal to the Secretary’ of a question ‘subject to decision by the Secretary’ under § 511(a).” Id. at 1347. The board was not created by the Secretary and does not operate under any authority delegated to it by the Secretary. See 38 U.S.C. § 7101(a). To the contrary, the clear congressional design and purpose was to create an appellate body independent of the Secretary to review decisions of the various VA agencies of original jurisdiction. “The Board is ‘primarily an appellate tribunal’ of the VA that decides appeals from denials of claims for veterans’ benefits,” DAV I, 327 F.3d at 1346 (quoting Scates v. Principi, 282 F.3d 1362, 1366-67 (Fed.Cir.2002)), and Congress must expressly grant it authority to consider evidence in the first instance.
The Secretary relies primarily on section 7109(a)[3] to provide the exception to the board’s appellate jurisdiction. Nothing in section 7109(a), however, authorizes the Secretary to augment the board’s jurisdiction with authority to consider new medical opinions obtained from within the VA. Section 7109 is tellingly entitled “Independent medical opinions” and provides only that “the Board may secure an advisory medical opinion from one or more independent medical experts who are not employees of the Department.” (Emphasis added).
The Secretary, and the court, rely entirely on the nonessential phrase “in ad *1325 dition to that available within the Department” contained in section 7109(a) to justify the regulation. This language is not a grant of authority; it simply distinguishes preexisting VA medical opinions from the congressional authorization for the board to request independent medical opinions. A plain reading of the statute finds only one grant of authority allowing the board to secure and consider medical opinions from “independent medical experts who are not employees of the Department,” which does not extend to medical opinions from within the VA.
Similarly, 38 U.S.C. § 5103A[4] does not support 38 C.F.R. § 20.901(a). Within the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, Congress imposed a number of specific duties and responsibilities on the Secretary to assist claimants, as set forth in 38 U.S.C. § 5103A. For instance, it requires the Secretary to provide medical opinions when necessary to properly evaluate a claim for benefits. Neither the statutory language of section 5103A(d), nor the legislative history of the Veterans Claims Assistance Act of 2000, permits the Secretary to delegate authority to obtain medical opinions from within the VA to the board.
The Secretary relies on the historic board practice of requesting medical opinions from within the VA. But until recently, VA regulations “were explicitly insulated from judicial review.” H.R.Rep. No. 100-963, 100th Cong., 2d Sess. 10, reprinted in 1988 U.S.C.C.A.N. 5782, 5791. “Many VA regulations have aged nicely simply because Congress took so long to provide for judicial review. The length of such regulations’ unscrutinized and un-scrutinizable existence, however, does not in itself form a basis for us to presume they are valid and therefore defer to them. If anything, Congress’s lengthy deliberation and carefully crafted scheme for judicial review of VA regulations counsels for vigorous review.” Gardner v. Brown, 5 F.3d 1456, 1463-64 (Fed.Cir.1993), aff'd, 513 U.S. 115, 121-22, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (reasoning that “congressional silence lacks persuasive significance, particularly where administrative regulations are inconsistent with the controlling statute,” and that “[a] regulation’s age is no antidote to clear inconsistency with a statute”) (internal citations and quotations omitted). To suggest that congressional authority is not required to sustain a regulation simply because the regulation condones a long standing practice eviscerates the role of Congress.
“[E]ven though the amendments to § [20.901(a) ] may further the VA’s stated objective of efficiency, striking the sensible balance between decreasing appeal processing times and the competing public policy of protecting an appellant’s right to due process is a matter for Congress, not this court.” See DAV I, 327 F.3d at 1348. Section 20.901(a) is invalid because the Secretary has countermanded the appellate role of the board without congressional authority.

. The challenged regulation allows the board to “obtain a medical opinion from an appropriate health care professional in the Veterans Health Administration of the Department of Veterans Affairs on medical questions involved in the consideration of an appeal when, in its judgment, such medical expertise is needed for equitable disposition of an appeal.” 38 C.F.R. § 20.901(a) (2004).

. Section 7104(a) mandates, in pertinent part, that “All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary.”

.38 U.S.C. § 7109(a) provides: "Independent medical opinions — (a) When, in the judgment of the Board, expert medical opinion, in addition to that available within the Department, is warranted by the medical complexity or controversy involved in an appeal case, the Board may secure an advisory medical opinion from one or more independent medical experts who are not employees of the Department.”

. Section 5103A(d) requires, in pertinent part, that "[i]n the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) [duty to assist] shall include providing a medical examination or obtaining a medical opinion when such an examination or' opinion is necessary to make a decision on the claim.”