# United States Court of Appeals for the Federal Circuit

---

**MICHAEL R. VITERNA,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETER-ANS AFFAIRS,**

*Respondent-Appellee*

---

2022-1061

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2940, Judge Joseph L. Toth.

---

Decided: April 20, 2023

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; NATHAN KROES, CHRISTA A. SHRIBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, LINN, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

Michael R. Viterna appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a Board of Veterans' Appeals ("Board") decision affirming the Department of Veterans Affairs ("VA") determination that it would not pay Mr. Viterna attorneys' fees because he was not owed such fees under his agreement with his client. Mr. Viterna argues that the VA does not have the statutory authority to interpret and apply the agreement. We affirm.

BACKGROUND

I

Before 1988, Congress barred attorneys from charging more than $10 per claim to represent claimants before the VA. *See Stanley v. Principi*, 283 F.3d 1350, 1355 (Fed. Cir. 2002). In 1988, Congress enacted the Veterans' Judicial Review Act ("Review Act"), Pub. L. No. 100–687, 102 Stat. 4105 (1988). That statute "allow[ed], for the first time, judicial review of VA decisions." *Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1135 (Fed. Cir. 2021). "[R]ecognizing the importance of retaining legal counsel in both judicial proceedings and administrative appeals," Congress relaxed "the [then-]existing limitations on attorneys' fees." *Id.* In doing so Congress viewed the existence of written fee agreements as critical.

Congress provided that when there is an agreement stating that the fee "is to be paid to the . . . attorney . . . directly from any past-due benefits awarded on the basis of the claim," 38 U.S.C. § 5904(d)(2)(A)(i), the VA will disburse fees directly to the attorney up to a maximum of 20% of the proceeds from "past-due benefits awarded on the

basis of the claim." *Id*. § 5904(d)(1).[1] *See Ravin v. Wilkie*, 956 F.3d 1346, 1349–50 (Fed. Cir. 2020); *Scates v. Principi*,

---

[1]    Subsection 5904(d) was previously codified at § 3404(d). *See* Review Act, Pub. L. No. 100–687, § 104, 102 Stat. at 4108–09.  The current provision reads in full:

(d) Payment of fees out of past-due benefits.—(1) When a claimant and an agent or attorney have entered into a fee agreement described in paragraph (2), the total fee payable to the agent or attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim.

(2)(A) A fee agreement referred to in paragraph (1) is one under which the total amount of the fee payable to the agent or attorney—

(i) is to be paid to the agent or attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim; and

(ii) is contingent on whether or not the matter is resolved in a manner favorable to the claimant.

(B) For purposes of subparagraph (A), a claim shall be considered to have been resolved in a manner favorable to the claimant if all or any part of the relief sought is granted.

(3) To the extent that past-due benefits are awarded in any proceeding before the Secretary, the Board of Veterans' Appeals, or the United States Court of Appeals for Veterans Claims, the Secretary may direct that payment of any fee to an agent or attorney under a fee arrangement

282 F.3d 1362, 1366 (Fed. Cir. 2002). Attorneys were required to file fee agreements with the Board, which could "review such a fee agreement and . . . order a reduction in the fee called for . . . if [it] finds that the fee is excessive or unreasonable." Review Act, Pub. L. No. 100–687, § 104(a), 102 Stat. at 4108 (codified as amended at 38 U.S.C. § 5904(c)(3)(A)).

Between 1988 and 2006, attorneys were only allowed to charge fees for representing claimants in VA proceedings after the Board "first [made] a final decision in the case." *Mil.-Veterans Advoc.*, 7 F.4th at 1135 (citation omitted). In 2006, Congress amended § 5904 to allow attorneys to charge for VA representation earlier in the process—as soon as a claimant had filed a Notice of Disagreement ("NOD") seeking review of an adverse regional office ("R.O.") decision. *See* Veterans Benefits, Health Care, and Information Technology Act of 2006, Pub. L. No. 109–461, § 101(c), 120 Stat. 3403, 3407 (codified at 38 U.S.C. § 5904(c)(1)). This change was effective June 20th, 2007. *See* Pub. L. No. 109–461, § 101(h), 120 Stat. at 3408; *Cameron v. McDonough*, 1 F.4th 992, 994–96 (Fed. Cir. 2021).[2]

Under the current statute, the Secretary of Veterans Affairs "may, upon the Secretary's own motion or at the request of the claimant, review a fee agreement filed pursuant to [§ 5904(c)(2)] and may order a reduction in the fee called for in the agreement if the Secretary finds that the fee is excessive or unreasonable." 38 U.S.C. § 5904(c)(3)(A).

---

described in paragraph (1) be made out of such past-due benefits.

[2]    Congress has subsequently permitted fee-based representation even earlier in the administrative process, but that change is not relevant here. *See Mil.-Veterans Advoc.*, 7 F.4th at 1136.

Such determinations are reviewable by the Board. *See id.* §§ 5904(c)(3)(B), 7104(a).

## II

In this case, Pauline O. Pitts, the surviving spouse of a U.S. Army veteran, filed for dependency and indemnity compensation from the VA in 2001. After the R.O. denied the claim, Ms. Pitts filed an NOD, which the agency received on October 17, 2005. After further proceedings not relevant here, Ms. Pitts appealed the denial of her benefits to the Board, which after a remand continued the denial.

In 2012, Ms. Pitts employed Mr. Viterna to represent her before the VA. The following year, she and Mr. Viterna signed a fee agreement, which was filed with the VA. The agreement provided that Mr. Viterna was owed 20% of any past-due benefits Ms. Pitts recovered, less certain expenses. By its terms, the agreement did not apply to the 2001 claim, because it was "only effective as to those claims for which a notice of disagreement (NOD) has been filed after June 20th, 2007," Joint Appendix ("J.A.") 61, and the NOD covering that claim had been filed in 2005. This provision of the agreement was apparently designed to take account of the prevailing statute limiting attorneys' fees for work performed as to NODs filed before June 20th, 2007 for which there was no first final Board decision. Mr. Viterna asserts that the date in this limitation was an "unintentional drafting error." J.A. 7. Because Mr. Viterna's services were performed after the Board made a first final decision in this case, there was no statutory bar to his receiving fees as to this claim. In 2014, Mr. Viterna secured past-due benefits on Ms. Pitts' dependency and indemnity claim, which related back to the NOD filed in 2005.

By regulation, the agency with original jurisdiction over a claim "shall determine whether an . . . attorney is eligible for fees" drawn from past-due benefits. 38 C.F.R. § 14.636(c)(4). Here, the agency of original jurisdiction (the R.O.) informed Mr. Viterna that it would not pay him 20%

of Ms. Pitts' past-due benefits because her NOD in the case had been filed in 2005, and their fee agreement only covered NODs filed after June 20th, 2007.[3]  Mr. Viterna appealed, arguing that, despite the agreement, he was entitled to a fee.  The Board affirmed.

Mr. Viterna then appealed to the Veterans Court.  He argued that Congress only gave the VA the power to assess whether a fee agreement was valid and if its terms were excessive or unreasonable—not whether the agreement covered the claim at issue in the first place.  The court disagreed.  It held that  "the [VA] has the authority to review a fee agreement for the purposes of determining whether it applies to the claim for which it is being proffered because that is a predicate act necessarily implied by the [VA's] explicit statutory responsibilities." J.A. 6; *see also* J.A. 5 ("Before VA can determine whether an agreement is valid or whether an attorney is eligible for fees . . . the Agency must ascertain whether the agreement even applies to the specific claim to which it is purported to apply.").

Mr. Viterna appeals.  We have jurisdiction under 38 U.S.C. § 7292, and we review statutory interpretations by the Veterans Court without deference.  *See Stanley*, 283 F.3d at 1354.

## DISCUSSION

Mr. Viterna argues that the VA could not refuse to pay him pursuant to the agreement because it lacks the power to ensure that its attorney fee withholdings "compl[y] with the provisions of . . . § 5904(d)." Appellant's Br. 11; *see also* Appellant's Br. 13.  We disagree.

---

[3]    At about this same time, Ms. Pitts wrote to the VA noting that she was dissatisfied with Mr. Viterna's performance and requesting that it no longer recognize him as her attorney.

The VA will only pay fees pursuant to agreements between attorneys and clients in which "the total amount of the fee payable to the . . . attorney [under the agreement] . . . is to be paid . . . by the [VA] directly from any past-due benefits awarded <u>on the basis of the claim</u>." 38 U.S.C. § 5904(d)(2)(A) (emphasis added). Subsection 5904(d) also provides that "the total fee payable to the . . . attorney may not exceed 20 percent of the total amount of any past-due benefits awarded <u>on the basis of the claim</u>." *Id.* § 5904(d)(1) (emphasis added).

In other words, the VA may draw on past-due benefits to pay attorneys what they are owed under agreements that cover "the claim" that resulted in the award of "past-due benefits." *Id.* To accomplish that task, the VA must determine whether an agreement covers claims that resulted in the past-due benefits. Here, as the Veterans Court found, there was no qualifying agreement between Mr. Viterna and Ms. Pitts providing for a payment of a fee for the claim in question. The agreement provided only that Ms. Pitts had agreed to pay Mr. Viterna for claims with NODs filed after June 20th, 2007, and no such claim had resulted in the award of past-due benefits.

Mr. Viterna admits that Ms. Pitts' claim was not covered by their contract. *See* Oral Arg. at 3:50–4:15. But he argues that because their agreement was valid under § 5904—in that it was contingent on securing benefits, charged a reasonable and permissible fee, and covered work in a period permitted by Congress—the VA cannot decline to pay him out of the claim award. *See* Appellant's Br. 9–10. We disagree.

Subsection 5904(d) only permits the VA to pay attorneys' fees on the basis of agreements that require payment from "past-due benefits awarded on the basis of the claim," 38 U.S.C. § 5904(d)(1), (d)(2)(A)(i), and as the Veterans Court found, the agreement here did not apply to the claim that resulted in past-due benefits. The fact that Mr.

Viterna's agreement could have validly resulted in payment as to other claims is irrelevant. As Mr. Viterna conceded at oral argument, if a lawyer had a fee agreement with a veteran concerning a toe arthritis disability and succeeded in getting compensation for post-traumatic stress disorder, the fee agreement would not call for compensation out of the PTSD award. *See* Oral Arg. at 1:27–2:00. The same is true here.

Our decision here is supported by our prior ruling in *Scates v. Principi.* 282 F.3d 1362 (Fed. Cir. 2002). In that case, a veteran in the midst of claim proceedings replaced his attorney with a veterans organization, which successfully pursued his claim. *See id.* at 1363–64. Though the relevant fee agreement on its face provided that the VA would pay the attorney 20% of any past-due benefits, we read the agreement to mean that the VA would only pay the full amount if the attorney represented the veteran until the end of the case. *Id.* at 1365. We therefore agreed with the VA that the attorney was not automatically owed the full 20% of past-due benefits. *Id.* at 1366–68. While some may argue as to whether *Scates* was based on the contract under § 5904(d) or the statutory provision concerning reasonableness, now codified at § 5904(c)(3)(A), we read the decision as based on the fee agreement provision codified at § 5904(d). *See Scates*, 282 F.3d at 1368.

The Secretary is therefore charged with both determining whether the fee is payable under the qualifying attorney fee agreement and ensuring that the fee is reasonable.[4]

---

[4]    At the time *Scates* was decided, § 5904 gave the authority to review the reasonableness of fees in the first instance to the Board. *See* 38 U.S.C. § 5904(c)(2) (2005). In 2006, Congress gave the authority to review fees for reasonableness to the Secretary more generally. *See* Pub. L. No. 109–461, § 101(d), (e)(3), 120 Stat. at 3407–08 (codified at 38 U.S.C. § 5904(c)(2)–(3)).

*See* 38 U.S.C. § 5904(c)(3), (d); *see also Ravin*, 956 F.3d at 1350–51 (holding that the VA is not required to withhold attorneys' fees if an attorney failed to comply with regulations requiring timely filing of fee agreements with the agency).

Our decision is only that the VA correctly interpreted § 5904(d) in declining to pay Mr. Viterna a fee out of past-due benefits on a claim excluded from his agreement with Ms. Pitts. We have not addressed whether the VA has the authority to reform the contract on a theory of mutual mistake, an issue that may be governed by federal law, *see Scates*, 282 F.3d at 1369–70, because Mr. Viterna has not sought that relief here. *See* Oral Arg. at 19:10–40.

## AFFIRMED

COSTS

No costs.