# United States Court of Appeals for the Federal Circuit

---

**ROBERT B. GOSS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1683

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-442, Judge Joseph L. Falvey, Jr.

---

Decided:  December 9, 2024

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY; JONATHAN KRISCH, CHRISTA A. SHRIBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

MOORE, *Chief Judge*.

Attorney Robert Goss appeals a decision from the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal for lack of jurisdiction. For the following reasons, we reverse and remand.

## BACKGROUND

In July 2009, veteran John H. Casey filed a Notice of Disagreement (NOD) with the United States Department of Veterans Affairs (VA) challenging denial of service connection for disabilities. In June 2010, Mr. Goss entered into a contingent fee agreement with Mr. Casey, under which Mr. Goss would represent Mr. Casey in his pursuit of benefits from the VA and receive twenty percent of any past-due benefits awarded, to be withheld by the VA and paid directly to Mr. Goss. On June 23, 2010, Mr. Goss filed with the VA Form 21-22a, Appointment of Individual as Claimant's Representative, and the executed fee agreement. On June 28, 2010, the VA notified Mr. Casey that Mr. Goss had been appointed as his representative. In a letter dated January 26, 2011, Mr. Casey informed Mr. Goss he had terminated their attorney-client relationship. Mr. Goss withdrew as Mr. Casey's representative on February 3, 2011.

On September 20, 2011, the VA Regional Office (RO) granted past-due benefits to Mr. Casey based on his July 2009 NOD. On September 30, 2011, the RO found Mr. Goss and Mr. Casey had entered into a valid fee agreement and Mr. Goss was eligible for direct payment of fees by the VA pursuant to 38 C.F.R. § 14.636. On October 5, 2011, Mr. Casey submitted an NOD, titled "Attorney Fees: Not Authorized," challenging the payment of fees to Mr. Goss.

J.A. 212.[1]  Mr. Casey argued Mr. Goss "never met with [him] to discuss [his] case," and "never performed any work for [him] on [his] case." *Id.* Notwithstanding Mr. Casey's appeal, the VA released to Mr. Goss twenty percent of the past-due benefits awarded in September 2011 and twenty percent of additional past-due benefits awarded in February 2012. The fees remitted to Mr. Goss totaled $18,523. In response to Mr. Casey's October 2011 NOD, the VA issued a Statement of the Case (SOC) denying Mr. Casey's challenge to payment of Mr. Goss. Mr. Casey appealed to the Board of Veterans Appeals (Board).

The Board remanded Mr. Casey's claim to the RO three times: in January 2016, June 2017, and May 2018. J.A. 135–43 (2016 remand decision); J.A. 100–08 (2017 remand decision); J.A. 60–71 (2018 remand decision). The Board recognized Mr. Casey's NOD as contending "the payment of these fees was not warranted as the Veteran had terminated the services of [Mr. Goss] prior to any benefits being awarded." J.A. 137. The Board thus interpreted Mr. Casey's NOD as a challenge to the reasonableness of Mr. Goss' fee. Three separate times, the Board remanded Mr. Casey's claim and instructed the RO to "[r]equest [Mr. Goss] to provide an itemized account for reasonable attorney fees and expenses." J.A. 142; *see also* J.A. 106; J.A. 70. The Board also directed the RO to "readjudicate the claim addressing . . . the amount of [Mr. Goss'] reasonable attorney fees and expenses which represents his contribution to, and responsibility for, the benefits awarded." J.A. 142; *see also* J.A. 107; J.A. 70. The Board repeatedly explained that "an attorney terminated prior to an award of benefits is only entitled to a fee that fairly and accurately reflects his/her contribution to [the] award of benefits even though the parties has signed a contingency fee

---

[1]  "J.A." refers to the Joint Appendix filed by Mr. Goss at ECF No. 15.

agreement." J.A. 141. Each time, on remand, Mr. Goss was requested by the RO to provide such an itemized account so that a reasonableness determination could be made. Each time, Mr. Goss refused to provide the requested proof of his work. With no further explanation, the RO repeatedly denied Mr. Casey's claim that the fee award was unreasonable without full reasons and bases as instructed by the Board. At no point did the VA, the RO, or the Board suggest that Mr. Casey's claim, which remains unadjudicated to this day, failed to satisfy any particular filing requirements.

On November 3, 2020, the Board issued a decision finding Mr. Casey and Mr. Goss entered into a valid fee agreement, but the twenty percent fee was unreasonable. J.A. 28–41. The Board recounted its three previous remands, in which it gave "express directives" that the RO request from Mr. Goss an account of services rendered and provide an analysis "as to what fee fairly and accurately reflects [Mr. Goss'] contribution to and responsibility for the benefits awarded." *Id.* at 37. "A review of the record reveal[ed] that, in August 2016, August 2017, and July 2020, [t]he [RO] did send requests to [Mr. Goss] and his attorney to provide an itemized account for reasonable attorney fees and expenses which represented his contribution to, and responsibility for, the benefits awarded to [Mr. Casey] in the September 2011 and February 2012 rating decisions." *Id.* at 36–37. Having not received such an accounting three times, the Board determined "any additional remands to obtain this information from [Mr. Goss] would be futile." *Id.* at 37. The Board repeated for a fourth time that the VA was required, consistent with its three prior "express directives" "to make a specific determination, in consideration of the factors outlined in *Scates*, as to what fee fairly and accurately reflects [Mr. Goss'] contribution to and responsibility for the benefits awarded." *Id.*; *see id.* at 36 (citing *Scates v. Principi*, 282 F.3d 1362, 1368–69 (Fed. Cir. 2002)). The Board explained again, "in a case

such as this, where an attorney is discharged prior to resolution of the claim, the attorney is entitled to 'only a fee that fairly and accurately reflects his contribution to and responsibility for the benefits awarded.'" *Id.* at 38 (citations omitted) (quoting *Scates*, 282 F.3d at 1366). The Board further pointed out that the fee agreement entered into by Mr. Casey and Mr. Goss permitted only a *reasonable fee* to be awarded in the event the attorney was discharged prior to the award of benefits:

> [T]he fee agreement itself contains a clause specifically designed to address the situation here. Indeed, section 9 reads as follows: "DISCHARGE. Client may discharge Attorney at any time by sending a written notice to Attorney. If Attorney of Firm is discharged by client after Attorney or Firm performs, substantially performs, or contributes substantially to the results finally obtained by client, then client shall be liable to Attorney for payment of *reasonable* attorney's fees and all expenses and costs paid by Firm."

*Id.* at 39 (emphasis added by Board).

The Board then found a twenty percent fee was unreasonable because the NOD that resulted in past-due benefits was filed by Mr. Casey before he appointed Mr. Goss as his representative, and "during his time as representative, [Mr. Goss] did not assist with any appellate filings, and the only communication with VA consisted of submission of the Power of Attorney . . . and fee agreement, a request for a copy of the Veteran's claims file, and his withdrawal of representation." *Id.* at 39–41. The Board explained that the fee "is unreasonable, given the negligible amount of work performed by [Mr. Goss], pursuant to *Scates*, and the refusal to provide an accounting of work performed on behalf of the Veteran." *Id.* at 41. Mr. Goss appealed to the Veterans Court.

Mr. Goss argued the Board lacked jurisdiction over the reasonableness of the fee award. The VA initially opposed Mr. Goss' argument, contending the Board had jurisdiction under the facts of this case, and asked the Veterans Court to affirm. J.A. 2. On August 23, 2022, after Mr. Goss' reply, the VA changed its position. The VA claimed that, after more than a decade of back-and-forth appeals and remands between the Board and the RO, the VA's position had become that the VA Office of General Counsel, not the Board, has authority to consider reasonableness in the first instance. J.A. 257–58. The VA argued that the Board lacked jurisdiction to decide the reasonableness question in the first instance and the Board's decision addressing reasonableness should therefore be vacated. *Id.* While Mr. Goss agreed that the Board lacked jurisdiction to decide the reasonableness in the first instance, Mr. Goss opposed vacatur on the ground that the Veterans Court only has the authority to affirm, modify, reverse or remand. J.A. 260–61. Mr. Goss sought final resolution in his favor of Mr. Casey's attorney fee appeal.

Rather than decide the legal question of jurisdiction, the Veterans Court accepted the parties' agreement on the issue. J.A. 1 ("[W]e accept the Secretary's concession that the Board lacked jurisdiction to address the reasonableness of the amount of fees awarded to Mr. Goss . . . ."); J.A. 3 ("Seeing no reason to reject the parties' agreement on the issue, the Court accepts the Secretary's concession that the Board exceeded its jurisdiction . . . ."). The Veterans Court then vacated the portion of the Board's decision addressing reasonableness of the fee award and dismissed the appeal for lack of jurisdiction. Mr. Goss appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Mr. Goss argues we should review the Veterans Court's decision concerning his fee award because there remains uncertainty around his entitlement to keep the fee. The

VA argues this case is moot because Mr. Casey has not continued to pursue his unreasonableness challenge (fourteen years after Mr. Casey's originally-filed challenge to the fee payment).[2] Mr. Casey's claim has been dismissed without resolution, and the VA conceded that Mr. Casey can bring a future challenge. *See, e.g.*, Oral Arg. at 27:13–20; *Bd. of Trustees of Univ. of Illinois v. Organon Teknika Corp. LLC*, 614 F.3d 372, 374–75 (7th Cir. 2010) (finding appellate jurisdiction when appellant challenged a suit "dismissed without resolution" because the appellant wanted "an order dismissing the University's claim with prejudice, so that the controversy about the royalty rate would be over"). Because Mr. Casey's challenge to Mr. Goss' fee eligibility remains unadjudicated, this claim is not moot.

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Whether the Veterans Court lacks jurisdiction is an issue of statutory construction, *see*

---

[2] The tortured history of this case does not reflect well on the VA generally. The Board found Mr. Casey appealed reasonableness, J.A. 137, and remanded three separate times expressly directing the VA to adjudicate this pending claim by the Veteran, J.A. 135–43 (2016 remand decision); J.A. 100–08 (2017 remand decision); J.A. 60–71 (2018 remand decision). Three times the VA simply denied the claim after Mr. Goss refused to provide the necessary information. Finally, after deciding it was futile to send Mr. Casey's challenge back to the VA for a fourth time, the Board proceeded to review the merits of the Secretary's denial of Mr. Casey's challenge. J.A. 37–41. We share the Board's frustration and applaud its repeated attempts to seek a resolution of the Veteran's appeal.

38 U.S.C. § 7252, which we review de novo. *Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000).

This appeal presents, among other issues, whether the Board exceeded its jurisdiction by addressing the reasonableness of the amount of fees awarded to Mr. Goss. Both parties argue that the Board lacked jurisdiction to assess reasonableness in the first instance. Courts, however, are not bound by stipulations on questions of law. *Sanford's Estate v. Comm'r*, 308 U.S. 39, 51 (1939) ("We are not bound to accept, as controlling, stipulations as to questions of law.") (citations omitted); *Technicon Instruments Corp. v. Alpkem Corp.*, 866 F.2d 417, 421–22 (Fed. Cir. 1989) ("If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative; since the court cannot be controlled by agreement of counsel on a subsidiary question of law." (quoting *Swift & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281, 289 (1917))).

The Secretary of Veterans Affairs may, "upon the Secretary's own motion or at the request of the claimant, review a fee agreement . . . and . . . order a reduction in the fee called for in the agreement if the Secretary finds that the fee is excessive or unreasonable." 38 U.S.C. § 5904(c)(3)(A). A decision by the Secretary on reasonableness is appealable to the Board. 38 U.S.C. § 5904(c)(3)(B). There is thus no question the Board can review a determination of reasonableness. But the question before this court is whether the Board can review the merits of a reasonableness challenge after the VA has three times denied the Veteran's claim and refused the Board's express directive to provide full reasons and bases.

VA regulations specify requirements for fee agreements and payment of fees. *See* 38 C.F.R. § 14.636. The regulations give authority to the agency of original jurisdiction (AOJ) to "determine whether an agent or attorney is eligible for fees." 38 C.F.R. § 14.636(c)(4). Importantly, VA regulations require that "[f]ees permitted for services

of an agent or attorney admitted to practice before VA must be reasonable."[3]   38 C.F.R. § 14.636(e).   This regulation, therefore, requires that fees be determined to be reasonable in order to be awarded to an attorney.

The Secretary detailed exactly how this reasonableness determination should take place.  Where an attorney provides representation through the date of awarded benefits, a fee that does not exceed twenty percent of past due benefits is *presumed* reasonable.  38 C.F.R. § 14.636(f)(1).  This presumption can be rebutted by clear and convincing evidence that a fee is unreasonable.  *Id.*  Thus, in most cases, where the attorney continues representation through the award of benefits, the regulation provides a presumption of reasonableness.  If this presumption is challenged by the Veteran, review is to be conducted by the VA Office of General Counsel.  38 C.F.R. § 14.636(i) ("The Office of the General Counsel may order a reduction in the fee called for in the agreement if it finds . . . that the fee is unreasonable.").

In the unusual situation where an attorney is discharged or withdraws from representation before benefits are awarded, a reasonable fee is "one that fairly and accurately reflects his or her contribution to and responsibility for the benefits awarded.  The amount of the fee is informed

---

[3]    38 U.S.C. § 5904(c)(4) likewise allows only reasonable fees in cases arising under certain circumstances.  The Secretary agreed at oral argument that, to be awarded, fees must be reasonable.  Oral Arg. at 39:00–39:22.  In a Rule 28(j) letter submitted to the court after oral argument, the Secretary pointed out that § 5904(c)(4) is not applicable in this case.  ECF No. 35.  To the extent that the Secretary is now suggesting for the first time that attorney fees may be awarded even if they are excessive or unreasonable, this argument is inconsistent with statute, the Secretary's own regulations, and our binding precedent. *Scates*, 282 F.3d at 1365–66.

by an examination of the factors in paragraph (e) of this section." 38 C.F.R. § 14.636(f)(2). The regulation lays out in paragraph (e) eight "[f]actors considered in determining whether fees are reasonable," which include "[t]he extent and type of services the representative performed," and "[t]he amount of time the representative spent on the case." 38 C.F.R. § 14.636(e). By the clear language of the regulation, no presumption of reasonableness applies in a case where an attorney withdraws or is discharged before an award of benefits. Thus, a fact finding must be made by the Secretary regarding the reasonableness of the fee award – such a fact finding must consider, as the regulation requires, the factors detailed in 38 C.F.R. § 14.636(e). Our decision in *Scates* requires the same: "In sum, an attorney with a contingent fee contract for payment of twenty percent of accrued veterans benefits awarded, discharged by the client before the case is completed, is not automatically entitled to the full twenty percent fee. He may receive only a fee that fairly and accurately reflects his contribution to and responsibility for the benefits awarded." *Scates*, 282 F.3d at 1366.[4]

Finally, as acknowledged by the Board, even the fee agreement between Mr. Casey and Mr. Goss in this case contains the same requirement that only a reasonable attorney fee may be remitted when the attorney is discharged prior to the receipt of benefits. J.A. 39. Section 9, titled "DISCHARGE," states: "If Attorney of [sic] Firm is discharged by client after Attorney or Firm performs, substantially performs, or contributes substantially to the results finally obtained by client, then client shall be liable to

---

[4]    We note that the *Scates* decision was cited by the Board in each of its four decisions and in the briefing before this court. J.A. 141–42 (2016 Board decision); J.A. 107 (2017 Board decision); J.A. 68–70 (2018 Board decision); J.A. 32–41 (2020 Board decision); Appellee's Resp. Br. 3–4.

Attorney for payment of *reasonable* attorney's fees and all expenses and costs paid by Firm." J.A. 239–40 (emphasis added). Mr. Goss was thus entitled to only a reasonable fee by VA regulation, Federal Circuit precedent, and the terms of the fee agreement.

Mr. Goss, quite fairly, desires certainty and resolution of this now fourteen-year-old dispute over his entitlement to the attorney fee award. Here, where the presumption of reasonableness does not apply, there needed to be a determination of reasonableness. The statute bestows upon the Secretary, not the Board, the authority to determine the reasonableness of the fee in the first instance. 38 U.S.C. § 5904(c)(3)(A). The Board acknowledged that compliance by the RO—the AOJ in this case—with its directive to make a reasonableness determination "with full reasons and bases" was frustrated by Mr. Goss' refusal to provide an account of the work performed on Mr. Casey's case. J.A. 37. The Board concluded that the AOJ nonetheless issued multiple Supplemental SOCs and "[o]n each occasion, the AOJ has continued to deny the claim." *Id.* at 30. While these decisions lack the reasons and bases repeatedly requested by the Board, the parties do not dispute that they amount to a denial of Mr. Casey's claim regarding attorney fees. By statute, if the Secretary denies a challenge to the reasonableness of an attorney fee award, such a decision is appealable to the Board. Under these circumstances, the Board had jurisdiction to review the Secretary's denial of Mr. Casey's claim that the fee award was unreasonable.

The VA's payment to Mr. Goss "permitted" the fee, which "must be reasonable." 38 C.F.R. § 14.636(e). Indeed, the VA cited 38 C.F.R. § 14.636 in both its decisions awarding fees to Mr. Goss. J.A. 217–18; J.A. 268–70. We do not agree with the Veterans Court's legal determination (predicated entirely on the concession by the Secretary) that the Board exceeded its jurisdiction in its November 2020 decision by reviewing the Secretary's reasonableness determination. *See* 38 U.S.C. § 5904(c)(3)(B).

We therefore reverse the Veterans Court's determination that it lacked jurisdiction over the Board's decision and remand. The Board did not exceed its jurisdiction.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. We reverse the Veterans Court's decision vacating the portion of the Board's decision addressing reasonableness of the fee award and reinstate the Board's decision addressing reasonableness. We remand this case to the Veterans Court for any further proceedings.

**REVERSED AND REMANDED**

### COSTS

No costs.